JAMES VANNEMAN, by EVA VANNEMAN, next friend, Respondent, v. WALKER LAUNDRY COMPANY, Appellant.

Kansas City Court of Appeals. November 11, 1912.

1. **NEGLIGENCE: Collision in Street.** The plaintiff, a minor, was riding a bicycle west on the north side of a public street and close to the outside rail of the street car track, when the driver of the defendant's laundry wagon, which was standing near the curb on the same side of the street and facing the same way as the plaintiff, suddenly, without looking around, pulled the horse around into the plaintiff's course, thus causing the plaintiff to collide with the legs of the defendant's horse, whereby the plaintiff fell and was injured. *Held*, that driver of the wagon was guilty of culpable negligence.

2. ———: **Duty of Drivers of Vehicles.** It was negligent for the driver of wagon in a crowded street not to keep a proper lookout so as to prevent collisions.

3. ———: **Ordinary Care.** Everyone while traveling on a street, is required to exercise ordinary care so that he may not interfere with its reasonable use by other travelers.

4. **ADMISSIONS: Agency: Evidence.** The admission that the driver was in charge of and was driving the defendant's wagon is prima facie evidence that he was engaged in the defendant's business.

5. **INSTRUCTIONS: Technical Objections.** The objection to an instruction that it required the defendant to maintain a look-out for the plaintiff instead of requiring the exercise of ordinary care, is purely technical.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Battle McCardle* for appellant.

(1) Contributory negligence on part of plaintiff will bar his recovery. Zurfluh v. Railroad, 46 Mo. App. 636; Judd v. Railroad, 23 Mo. App. 56; Rigby v. Railroad, 153 Mo. App. 330; Veatch v. Railroad, 145 Mo. App. 232. (2) Plaintiff offered no evidence of negligence on part of defendant. Jury was not justified in assuming negligence. Warner v. Railroad, 178 Mo. 125; Garann v. Mfg. Co., 186 Mo. 300; Byerley v. Light Co., 130 Mo. App. 593. (3) There was no evidence that alleged acts of driver were within the scope of his employment, or while engaged in the line of his duty. Fleishman v. Ice Co., 148 Mo. App. 117; Daily v. Maxwell, 152 Mo. App. 415; Evans v. Auto Co., 121 Mo. App. 266.

*Henry J. Latshaw* for respondent.

(1) Defendant's demurrer, offered at the close of plaintiff's case and also at the close of all testimony, was properly overruled. Fleishman v. Ice and Fuel Co., 148 Mo. App. 117; also same case on retrial, 143 S. W. 881; Dailey v. Maxwell, 152 Mo. App. 424. (2) The defendant owed the plaintiff the duty of reasonable care to be on the look out for him before swinging its horse around across the street, and the viola-

tion of that duty was negligence. (3) There was no evidence of contributory negligence on the part of the plaintiff, and even if there was any such evidence, the jury passed upon that question, under proper instructions asked by appellant. (4) Plaintiff's instruction "A," given by the court, was a correct declaration of law applicable to this case. Fleishman v. Ice and Fuel Co., 148 Mo. App. 117. (5) There was sufficient evidence that the laundry driver was, at the time he injured the plaintiff, acting in the scope of his employment, and the question was one for the jury. Fleishman v. Ice and Fuel Co., 148 Mo. App. 117.

BROADDUS, P. J.—The plaintiff, a boy of about thirteen years of age, sues to recover damages for injuries he received as the result of the alleged negligence of a servant in defendant's employ. The defendant is engaged in the laundry business, in which it is necessary to use wagons for the purpose of receiving and carrying material to be laundered to its place of business, and afterwards returning it to the owners.

The evidence of the plaintiff is to the effect, that he was passing along on Fifteenth street riding a bicycle, and, while going at a moderate speed, was injured by coming in contact with the legs of a horse attached to one of defendant's laundry wagons; that he was going west just north of the north rail of the street car company; that he first saw the defendant's wagon as he passed Holmes street, the horse facing west in front of a store and on the west of it was an automobile, and east of it was a big covered express wagon, all standing still at the curbing; the express wagon was almost against the laundry wagon, which was standing just in front of the store; that there was no one in the automobile, nor in the express wagon; that he had sufficient room to pass; that when he got where his wheel was even with the back wheel of the laundry wagon, the driver, without looking around,

suddenly pulled the horse around and he came in contact with the horse's legs before he had time to pull away, but that he tried his best to do so, but failed; that in the effort to get away he got upon the car tracks about the center; that the horse got scared and started to run, and he believed it stepped on his ankle; that the driver gave no indication that he was going to turn his horse suddenly, and that he did not think that he was going to make the turn. The plaintiff received severe injury to his ankle, and his back was sprained, on account of which, he suffered pain and was confined to his home and away from school for about two months; that his back was still hurting him at the trial.

The evidence of Stitt, the driver of defendant's wagon, contradicts the statement of plaintiff in most important particulars. He further testified, that he drove up to the place in question to visit his roommate, who was sick, and that he came down and got into the wagon and started on his route towards Holmes street.

The allegations of the petition are to the effect, that the defendant's driver was negligent in starting the horse and turning it into the street in front of plaintiff's at a time when the latter was so near to the horse that it was impossible for him to stop his bicycle or turn aside to avoid the collision; that the driver was negligent in so starting the horse without looking to see whether plaintiff or anyone else was approaching; that the driver was negligent in neglecting to exercise ordinary care to look for approaching vehicles, pedestrians and other travelers before so turning his horse and wagon; that he was negligent in failing to warn plaintiff that he intended to start his horse and wagon; that the driver knew, or by the exercise of ordinary care could have known, of the perilous position of the plaintiff; that the driver by the exercise of ordinary care could have seen that

plaintiff was in a perilous position where in the natural course of events he would collide with said horse and wagon; and that on account of and as a direct result of the said negligent acts of said driver and of each of them, said bicycle and horse and wagon were allowed and caused and permitted to run into collision with and collide against each other.

The answer consists of a general denial, and that plaintiff's injuries, if any, were the direct and sole result of his own negligence; and further, that the acts of negligence charged were not done by any one in the service of defendant, or in furtherance of any duty owed by such to defendant and defendant is not liable for the consequences thereof.

The defendant tendered a demurrer to plaintiff's case, which the court overruled. Among other instructions, the court gave the following to the jury: "The court instructs the jury that if you find and believe from the evidence in this case that on February 28, 1910, plaintiff was riding a bicycle west on the north side of Fifteenth street, and that said Fifteenth street was a public street and thoroughfare in Kansas City, Missouri, at said date, and that as plaintiff got within a few feet of the wagon in evidence the driver of said wagon carelessly and negligently turned said wagon out into the street, and to the south or southwest without looking to see if plaintiff was coming, providing you further find and believe from the evidence that a failure of the driver, to so look was negligence under all the facts and circumstances in evidence, if any, and at a time when plaintiff could not by the exercise of ordinary care avoid a collision with said horse and wagon and that a collision between said horse and wagon and said bicycle did then and there take place, and that plaintiff was thereby injured, and that said horse and wagon belonged to defendant and that the driver thereof was in the em-

166 Mo. App.—44

ploy of defendant and was then and there in the dis-
charge of his duties as an employee of defendant, and
if you further find and believe from the evidence that
plaintiff is a minor of about fourteen years of age and
that Eva A. Vanneman is legally appointed and act-
ing as his next friend for the prosecution of this suit;
and if you further find and believe from the evidence
that at all the times herein mentioned and especially
as plaintiff approached said horse and wagon and at
the time of said collision plaintiff was himself in the
exercise of ordinary care and caution in his part,
then your vérdict should be for plaintiff and against
defendant.''

The jury returned a verdict in the sum of $500
in plaintiff's favor. Defendant appealed from the
judgment.

The defendant makes the following assignment of
error: First, that of contributory negligence on the
part of the plaintiff. Second, that there was no proof
of negligence on defendant's part. Third, that there
was no evidence that the alleged acts of the driver
were within the scope of his employment, or while
engaged in the line of his duty. Fourth, that plain-
tiff's instruction changed the issues made by the plead-
ings, in that, it required defendant to maintain an out-
look for plaintiff alone, instead of requiring the exer-
cise of ordinary care; in that, it made defendant lia-
ble for the mere striking of plaintiff by the horse, and
ignored the issue, made by the pleadings and proof,
as to whether defendant saw or could have seen plain-
tiff in time to have avoided the accident.

It is contended that plaintiff was negligent in
failing to exercise ordinary care. The evidence tended
to show that he was passing along the street on his
bicycle where he had the right to go; that the automo-
bile, the express wagon and laundry wagon were stand-
ing; and that the driver got into the wagon and sud-
denly turned the horse around towards plaintiff at a

time when he could not, by his utmost effort, prevent colliding with the horse and wagon. The plaintiff's evidence shows that he was taken by surprise at the sudden and unexpected conduct of the driver in turning his horse away from the curb and out into the street directly in plaintiff's course.

Assuming that the statements of plaintiff are true-we are of the opinion that the driver of the wagon was guilty of culpable negligence. The streets and highways are for the use of the traveling public. Everyone, while traveling on a street, is required to exercise ordinary care so that he may not interfere with its reasonable use by other travelers. In populous cities like Kansas City where people are passing upon the streets in all kinds of vehicles, on foot and on horseback, a person is required to be on the lookout to prevent collisions. He cannot shut his eyes or fail to exercise his senses so as not to see what is going on and justify his conduct, in the event he caused any injury to some one else, on the ground that he did not see the danger until too late to avoid injuring him. If by his failure to exercise proper care for the safety of others he has placed a person in peril, he will not be justified because he did not see him in time to avoid injuring him. If by the exercise of reasonable care he could have avoided the peril, he is negligent. And such is the theory upon which plaintiff's cause of action is founded. [Fleishman v. Ice & Fuel Co., 148 Mo. App. 117.] It seems to us that the proposition is too plain to require elaboration or citation of precedents.

We think it was sufficiently shown that the driver of the wagon at the time was engaged in his master's service. It is admitted that he had charge of and was driving the defendant's laundry wagon. It has been held that similar proof constituted prima facie evidence that he was engaged in the master's business. [Fleishman v. Ice & Fuel Co., supra.] The plaintiff's case, however, does not depend upon this presumption,

because the driver's testimony settles beyond dispute that he was at the time of the collision actually engaged in the furtherance of the business of his employment. Atlhough it maybe said that while he was enroute to see his sick friend and while with him at the place on Fifteenth street he was not within the scope of his employment, yet, when he got into the wagon and started on his business route at that moment he resumed his relationship to the defendant as employee in the discharge of his duties as driver of the laundry wagon.

The objection to plaintiff's instruction, that it required defendant to maintain a lookout for plaintiff, instead of requiring the exercise of ordinary care, is purely technical. The instruction did require the exercise of ordinary care. Its particular application to plaintiff does not make it bad, for the defendant owed the duty of exercising such care to plaintiff as one of the travelling public.

The other objections to the instruction have been answered by what has been already said. The cause is affirmed. All concur.