# CHARLESTON.

C. L. TRIPPETT, *Administrator, v.* MONONGAHELA WEST PENN PUBLIC SERVICE COMPANY.

(No. 5417)

Submitted October 27, 1925. Decided November 3, 1925.

1. APPEAL AND ERROR—*Objection to Evidence, Unless Made Subject of Special Bills of Exceptions or Specifically Presented to Trial Court as Grounds to Set Aside Verdict and for New Trial, Will Not be Considered on Writ of Error.*

   Objection to evidence, unless made the subject of special bills of exception, or specifically presented to the trial court as grounds of a motion to set aside the verdict and for a new trial, will not be considered on writ of error to this court. (p. 325.)

   (Appeal and Error, 3 C. J. § 881; 4 C. J. § 1799.)

2. CARRIERS—*Age of Boy Injured While Jumping or Falling From Moving Car Not Only Element to be Considered as to Contributory Negligence; Question of Contributory Negligence of Boy Falling From Platform of Passenger Car Held One of Fact for Jury.*

   On the trial of an action against a carrier of passengers for personal injuries to a boy over eight years of age, resulting from his jumping or falling off a moving car, and involving the defense of contributory negligence, the age of

the boy is not the only element to be considered by the court and jury. If previously warned by parent and conductor and possessed of sufficient intelligence and understanding to appreciate the dangers of leaving a place of safety on the car and going suddenly and unobserved by the conductor to a position of danger on the platform or steps of the car, and just before reaching his stopping place or destination, he jumps or falls off the car, the question of his contributory negligence is one of fact for the jury.   (p. 325.)

(Carriers, 10 C. J. §§ 1483, 1522.)

3. SAME—*On Evidence Justifying Theory of Contributory Negligence, Defendant is Entitled to Instructions Fully Covering All Phases of Evidence Bearing Thereon.*

Where the evidence, as in this case, justifies the theory of contributory negligence, relied on as a defense, the defendant is entitled to instructions to the jury fully covering all phases of the evidence in the case bearing on the subject of contributory negligence.   (p. 325.)

(Carriers, 10 C. J. § 1525.)

4. SAME—*Instruction Making Carrier of Passengers Absolute Insurer of Safety Held Reversible Error.*

An instruction to the jury in such a case as is presented here which would make the carrier an absolute insurer of the safety of the passengers, is erroneous and constitutes reversible error.   (p. 327.)

(Carriers, 10 C. J. § 1524.)

5. SAME—*Care Required of Carriers of Passengers Held More Strictly Applicable to Some Affirmative Act or Omission of Duty Toward Passenger Than to Control of Person or Conduct After Acceptance as Passenger.*

The high degree of care imposed upon a carrier of passengers is more strictly applicable to some affirmative act or omission of duty toward the passenger than to the control of his person or conduct after he has been received and accepted as a passenger.   (p. 329.)

(Carriers, 10 C. J. § 1296.)

6. SAME—*Obligation of Carrier to Passenger Held Not to Run Into Range of Unreasonableness or Impossibility.*

The obligation of carrier to passenger does not run into the range of unreasonableness or impossibility.   (p. 330.)

(Carriers, 10 C. J. § 1299.)

7. TRIAL—*Binding Instruction Proposed by Plaintiff, Ignoring Defendant's Theory of Defense, Proper Only When Form*

*and Effect Thereof Would be to Make Such Theories Inapplicable to Case.*

A binding instruction to the jury proposed by plaintiff, ignoring defendant's theories of defense, are proper only when its form and effect would be to make such theories inapplicable to the case.     (p. 330.)

(Trial, 38 Cyc. p. 1632.)

8. SAME—*Instructions for Plaintiff, Ignoring Theory of Defendant or Narrowing Scope Covered by Pleadings and Evidence, Held Reversible Error.*

Instructions on behalf of plaintiff which ignore the theories of defendant or narrow their scope covered by the pleadings and evidence, constitute reversible error.     (p. 330.)

(Trial, 38 Cyc. p. 1634.)

9. SAME—*Without Allegation of Ground of Liability Having Foundation in Evidence, Submitting Instructions Predicated on Such Theory is Reversible Error.*

Without allegation of a ground of liability having foundation in the evidence, it is reversible error to submit instructions to the jury predicated on such theory.     (p. 330.)

(Trial, 38 Cyc. p. 1615.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wood County.

Action by C. L. Trippett, as administrator of the estate of his deceased son, against the Monongahela West Penn Public Service Company. Judgment for plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside, new trial awarded.*

*James A. Meredith,* and *Kreps, Russell, Hiteshew & Adams,* for plaintiff in error.

*C. M. Hanna,* for defendant in error.

MILLER, JUDGE:

The action was in case for alleged negligence of the defendant resulting in the death of plaintiff's son, a boy past eight years of age, while a passenger on one of defendant's

interurban cars, on Juliana Street between Third and Fourth streets, in the City of Parkersburg.

On the trial before the court and a jury, plaintiff recovered a verdict and judgment for two thousand three hundred and seventy-five dollars, to reverse which defendant obtained this writ of error.

The declaration, containing eight counts, and all with much pleonasm, predicates right of recovery on the relationship of passenger and carrier, the alleged duties of the one to the other in that relationship, and in effect charges; first, that the defendant, not regarding its duties, did not use due and proper care and safely carry plaintiff's decedent, Harold Trippett, to his destination, in that, when he reached the corner of Fourth and Juliana streets in said city, its conductor in charge of the car, which had no outside vestibule doors, failed to keep or prevent the said Harold Trippett from jumping or falling from the car platform to the street, but that while the said car was in motion, and before he had reached his destination, at the corner of Third and Juliana streets, he was allowed to go from the car and the rear platform thereof down onto the steps and to the third or lower one thereof, and when near the point of intersection of said Third and Juliana streets, to jump or fall off, and be violently thrown to the pavement, and to sustain severe injuries about his head, from which he died.

One or more of the numerous counts, in addition to the allegations of other duties and breaches thereof towards the passenger, undertakes to introduce the alleged duty on the part of the defendant, and the breach thereof, to use due and proper care to keep competent agents, servants and employees in the care, custody and control of its car upon which said Harold Trippett was received and was riding, and as a breach of that duty charges that the car upon which said Trippett was so received and riding was at the time of his injuries in charge of a negligent and reckless agent, and that when said car was near the corner of said Third and Juliana streets, and in motion, and before said Trippett reached his destination, said agent suffered him to go upon the rear platform of said

car and down upon the steps thereof, and to step off or be thrown off violently upon the pavement and injured about his · head, from which injuries he died.

After the verdict, the defendant moved the court to set aside the verdict, upon the following grounds: (1) Because contrary to the law and the evidence in the case: (2) Because of the admission of certain testimony, questions and answers, introduced by plaintiff over defendant's objection, not specifying them: (3) Because of the error in the giving of in-structions offered by plaintiff over the objection of defendant: (4) Because of the denial of instructions proposed by defendant: (5) Because of other errors apparent on the record.

The specific errors assigned and relied upon for reversal in the petition for the writ, and in the brief and argument of counsel, are the following: First, the alleged improper admission of evidence of Bonna Trippett: Second, the alleged improper examination of the witness William Dunlap by the court: Third, refusal of the court to give instructions numbered 2, 7, 8, and 9 requested by defendant: Fourth the giving of plaintiff's instructions numbered 4, 5, 7, 10, 11, 15, 16, 17, 19, 22, 23, 24, 25, 26, and 29, over defendant's objection: Fifth, the overruling of defendant's motion to set aside the verdict and grant it a new trial.

The evidence of Bonna Trippett, the fourteen year old sister of the deceased, objected to, and who was a passenger on the car with him at the time of the accident, counsel avowed was to show the recklessness and incompetency of the conductor in charge of the car. Her evidence was to the effect that defendant had two conductors on the cars on which she and her brother were accustomed to ride, one a Mr. Anderson, and the other the conductor in charge of the car on which they were riding at the time of the accident, but whose name she did not know; that on the car that day other children were allowed on the platform and steps by the conductor; that when the car was in charge of conductor Anderson, and extending over a period of months preceding the accident, he would catch hold of their arms and hold them when they came to the door, and wouldn't let them off.

By this evidence and a comparison of the conduct of Anderson when in charge of the car, with that of Dunlap, and the evidence of Dunlap himself given upon examination by the trial court, plaintiff sought to establish the fact of incompetency or reckless negligence. It is observed that there is no specific allegation of incompetency on the part of Dunlap, or of the servants in charge of the car, but only that the car was in charge of a negligent and careless agent; and it is not alleged that these characteristics, if true, were known to the defendant company, nor that it did not exercise ordinary care in employing Dunlap.

The question is thus attempted to be presented, whether recklessness or negligence of one employed may be established by evidence of the way in which another employee engaged in like service discharged his duties. We find no evidence in the case that Dunlap was incompetent or known to be incompetent by the defendant, unless this evidence relating to the conduct of Anderson be such, or the admission of Dunlap in the examination by the trial judge amounts to evidence of such incompetency. The superintendent of transportation swears that Dunlap, who had been in the employ of the defendant for about eight years, was always regarded as a careful and competent conductor; that he had never before had an accident. On the examination of Dunlap by the trial judge, he testified: "Q. Do you permit persons to come out and stand on the platform while the car is in motion?" Objection to the question was overruled, but the witness did not answer it. It was followed by another question and answer, as follows: "Q. Did you on that occasion permit persons to come out on the platform while the car was in motion?" There was no objection to this question, nor to those following, and the witness answered: "Yes, sir, people come out there at all times; every day. Q. The Trippett boy came out while the car was in motion that day, and you were standing on the platform, is that true? A. Yes, sir. Q. Did you make any effort to see who was coming on the platform or not? A. I didn't see him until after he had passed me."

Objection is made to the consideration of the questions thus sought to be presented on the ground that the evidence complained of was not made the subject of special bills of exceptions, nor specifically presented to the court on the motion for a new trial. This proposition is well fortified by prior decisions rendered here; and we shall give no further consideration to the points of error based thereon. *State* v. *Henaghan,* 73 W. Va. 706-707; *State* v. *Jones,* 77 W. Va. 636.

This brings us to a consideration of the questions raised by the instructions given and refused. First as to defendant's instructions numbers 7, 8 and 9, rejected. Numbers seven and nine related to the question of contributory negligence on the part of the deceased. Plaintiff's counsel insist that owing to the age and mentality of the boy, he was incapable of contributory negligence, and that defendant was therefore not entitled to any instruction on that theory of its defense. Our decisions, as well as those of other jurisdictions seem to settle the question that children between the ages of seven and fourteen, depending as to degree on their intelligence, capacity and experience, are capable of exercising some degree of judgment and discretion, and some degree of care for their own safety, and that for a neglect to exercise their senses and judgment for their own safety, they may be guilty of contributory negligence barring recovery for injuries sustained thereby. So that age alone is not the only element to be considered in such cases. And in some instances the courts have gone so far as to say that when the facts are clear and justify it, that an infant may be adjudged guilty of contributory negligence as a matter of law. *Goff* v. *Clarksburg Dairy Co.,* 86 W. Va. 237; *Schoonover* v. *B. & O. Railroad Co.,* 69 W. Va. 560. In this case, the record shows that the plaintiff, the boy's father, appreciating the danger to his boy in riding the cars of the defendant, had warned him against riding on the platform and the steps of the car. He had had several months experience, and if warned by conductors Anderson and Dunlap, he must have acquired some knowledge and appreciation of that danger. Besides, the boy's sister, over fourteen years of age, was with him; and could she not have been expected to pay

some attention to her brother's conduct on the car? She saw him leave his seat in the car and followed him out on the platform. Besides, the boy was warned by his companion Berdine, a witness on the trial. Such being the facts in the case, we think the defendant was clearly entitled to one or both of the instructions requested, unless the question of contributory negligence was fully covered by some other instruction given. If given, these two instructions would have advised the jury as follows: "No. 7. The court instructs the jury that if they believe from the evidence that the plaintiff's decedent was warned of the danger of jumping or stepping from the car while it was in motion, and was of sufficient intelligence to comprehend the danger, incident to doing so, and if the jury further believe from the evidence that the plaintiff's decedent, after being so warned, stepped or jumped from the car while it was in motion, then they are instructed that such action on the part of plaintiff's decedent amounted to contributory negligence such as will bar the plaintiff's right of recovery, and their verdict should be for the defendant." "No. 9. The court instructs the jury that if they believe from the evidence in this case that the plaintiff's decedent, at the time of the injuries complained of had sufficient age and sufficient intelligence and experience to understand the risk he took in stepping or jumping from the defendant's car while it was in motion, then they are instructed that the law charged him with some responsibility for his conduct as if he were of full age and that the want of ordinary care on the part of the plaintiff if shown by the evidence, would be a complete defense to this suit as if the plaintiff's decedent had been of full age." Both of these instructions in form are apparently approved in 2 Brickwood's Sackett on Instructions to Juries, (3rd ed.) p. 906, citing the decisions from Kentucky and Illinois therefor.

But was this subject of contributory negligence fully covered by any other instruction given? Plaintiff's counsel asserts that instruction number 5, given for defendant, was all sufficient for the purpose. One of plaintiff's criticism of instructions seven and nine, is that they are abstract and should

have been confined to the special evidence of contributory
negligence. We do not think they are defective in this par-
ticular. They refer to the particular evidence of warning and
instructions by father and conductor, and in our opinion cover
these facts in evidence and should have been given for this
reason, if for no other.

We will next consider the several points of error respecting
plaintiff's instructions numbered 4, 5, 7, 10, 11, and 22. Num-
ber 4 was as follows: "The court instructs the jury that it
was the duty of defendant, by and through its agents, serv-
ants and employees when they saw or could have seen the
plaintiff's intestate, Harold Trippett, on the back platform,
and go from there to the steps shortly before the car reached
its destination, *to and they should* have done some reasonable
thing to prevent the said Harold Trippett from falling from
the said platform or steps; that it was not bound to take the
particular step of closing the door leading to the platform or
of driving said Harold Trippett back into the car or of put-
ting him off the car or of holding him on but that it undoubt-
edly had the choice of any of these methods or of any other
method that would have been effective, but that if you believe
from the evidence that the defendant failed to do any of these
things, it fell short of reasonable care and was negligence on
the part of defendant."

The criticism of this instruction is that it is abstract, and
bad for the same reason urged against plaintiff's instruction
number seven, to be presently considered. It seems to us that
the instruction is bad for the reasons urged against it. It does
make the defendant insurer against all injuries, for by it de-
fendant was bound to some effective method to prevent injury,
some of the specific things being mentioned. What the defend-
ant was obliged to do in discharging its duty in the premises
was only what reason and foresight required consistent with
the conductor's other duties to all his passengers. The con-
ductor did, as soon as he discovered the boy on the steps,
which was almost instantly after he left his seat in the car,
warn him not to get off or jump off until the car stopped. He
says he could not have reached the boy in time to avoid his

act of recklessness. What more could he have done after he saw the boy, than he did do? No one says he could have done more. The objection to the instruction that it also ignores the theory of contributory negligence, seems well founded. While this instruction is not a binding one, as is number seven, nevertheless it is too broad and misleading to properly present the law of the case to the jury.

Instruction number five told the jury that "street railway companies in the operation of their cars, are charged with the highest degree of care to see that an infant about eight and one-half years old does not ride in a place of danger where he would be liable to fall off or jump off the car," and that "it is no defense if the conductor in the discharge of the car does not see such an infant passenger on the platform or steps, when, by the exercise of due and proper care he could have seen him." In support of this instruction we are referred to *Cain* v. *Kanawha Traction & Elect. Co.*, 81 W. Va. 631. That case involved the rights of the plaintiff for injuries sustained by the negligence of the conductor in signaling the motorman to start the car while it was standing, and plaintiff was in the act of alighting at a stopping place. In such a case the instruction no doubt would be proper. But how does the law of that case fit up with the case at bar? The object of this action is to hold defendant liable for not keeping the boy in a place of safety until the car stopped. Most people who have had experience as parents or guardians of boys know quite well how quick to go and how elusive of their grasp or restraint boys of decedent's age are. Are conductors of a railway car to be held to stricter account than parents would be when in control of their children under like circumstances? When parents entrust their children to go unattended upon public conveyances like the one in question, do they not imply sufficient judgment and discretion on the part of the children not to leave the carriage and jump off while it is in motion? Why did not the boy's sister do something to detain him in a safe place? Moreover, after the conductor discovered the boy on the steps, he apparently did do everything which could

have been done to save him; and his companion also called to him not to get off until the car stopped.

With respect to plaintiff's instruction number seven, as follows: "The court instructs the jury that if you believe from the evidence that the plaintiff's intestate, Harold Trippett, became a passenger on one of the Monongahela West Penn Public Service Company's cars, and after he got on the car and before he reached his destination, that he went out on the platform and to the steps of the said car, and that the conductor made no effort to keep him off the platform or steps before the car stopped, and failed to protect him from danger by driving him back, or putting him back inside the car or by holding him on or by putting him off or taking other effective steps to protect him and there were no vestibule doors leading from the platform to the street, and that when the car was a short distance from the said Harold Trippett's plaintiff's destination, and its speed slowed down and the said Harold Trippett fell or jumped or stepped from the steps to the brick covering the ground in Juliana Street while the car was in motion, then you should find for the plaintiff." As already suggested the instruction is condemned because it would make the defendant an absolute insurer of the passenger's safety. The high degree of care imposed upon a carrier is more strictly applicable to some affirmative act or omission of duty toward the passenger than to the control of his person or conduct after he has been accepted as such. *Perkins* v. *Monong. Val. Tract. Co.,* 81 W. Va. 786; *Gillingham* v. *Ohio River R. R. Co.,* 35 W. Va. 588.

The principal objection to the instruction is that it ignores the defense of contributory negligence, and the want of knowledge on the part of the conductor that the boy had gone to a place of danger on the car, and his inability to prevent him from falling off the car  The obligation of the carrier does not run into the range of impossibility or unreasonableness. *Downey* v. *C. & O. Ry. Co.,* 28 W. Va. 732, 737. A binding instruction like this is proper only when its form and effect would be to make the theories of the defendant inapplicable to the case, but that can not be said of this instruc-

tion. *Penix* v. *Grafton,* 86 W. Va. 278. If of the requisite judg-
ment and discretion, there can be no doubt that the boy was
guilty of negligence which was the primary cause of his in-
juries. *Booth* v. *Camden Interstate Railway Company,* 68 W.
Va. 674; *Hoylman* v. *K. & M. Ry. Co.,* 65 W. Va. 264. The
case mainly relied on by plaintiff's counsel to justify the in-
struction is *Longacre* v. *Railroad Co.,* 236 N. Y. 119. The in-
fant in that case was only five years old and it ap-
peared that the motorman on the car was actually engaged in
the play with the children, and encouraged it, and did noth-
ing to restrain or control their conduct resulting in the in-
jury to one of them. We think this case is without any sub-
stantial application to the case at bar. As so frequently de-
cided here and elsewhere, instructions which ignore the
theories of the defendant or narrow their scope covered by
the evidence, constitute reversible error. *Shiras* v. *Boggess,* 72
W. Va. 109; *Cobb* v. *Dunlevie,* 63 W. Va. 398; *Canning Co.* v.
*Grocery Co.,* 68 W. Va. 698; *Frank* v. *Traction Co,* 75 W. Va.
364; *Evans* v. *Kison,* 88 W. Va. 343.

Plaintiff's instructions numbers ten and eleven, though cor-
rect as abstract propositions of law, were objected to as inap-
plicable to the case where the defenses involve contributory
negligence and other defenses. For this reason they are regard-
ed misleading, though not strictly binding in form.

Plaintiff's instruction number 22, complained of, was as
follows: ''The court instructs the jury that a carrier is bound
to use reasonable diligence in selecting competent and careful
employees, and if injuries result from incompetency and in-
efficiency, which was known or might by the exercise of reas-
onable diligence, have been known to the carrier, the latter is
liable.'' As we have noted heretofore, there is no specific al-
legation of incompetency nor that the defendant had notice
thereof or should have had knowledge of such fact. Nor is
there any evidence justifying such finding. Without allega-
tion of the ground of liability having foundation in the evi-
dence, it is error to submit instructions to the jury predicated
on such theory. *Wilhelm* v. *Parkersburg, Marietta and Inter-*

*urban Ry. Co.,* 74 W. Va. 678; *Britton* v. *South Penn Oil Co.,* 73 W. Va. 792; *Frank* v. *Traction Co., supra.*

For these errors in the judgment below, we are of opinion to reverse it, and to remand the case.

*Judgment reversed; verdict set aside; new trial awarded.*