DAVID SHAW

*v.*

SERGIO C. PERFETTI
*and*
ALFRED SHAW, *an infant, etc.*

*v.*

SERGIO C. PERFETTI

(No. 12142)

Submitted April 17, 1962. Decided June 5, 1962

88

*Schmidt, Laas, Schrader & Miller, Thomas B. Miller, Mc-Camic & Tinker, Jeremy C. McCamic,* for appellants.

*Handlan, Garden, Matthews & Hess, John B. Garden, Lester C. Hess,* for appellee.

BERRY, JUDGE:

These civil actions were instituted in the Circuit Court of Ohio County, West Virginia. One action is to recover damages for personal injuries suffered by Alfred Shaw, an infant, as a result of an accident in which an automobile owned and operated by Sergio C. Perfetti, the defendant in this case, was involved. The other action was instituted by David Shaw, the father of the infant plaintiff, in which he seeks to recover from the defendant damages for medical expenses as a result of the injuries suffered by his infant son on account of this accident. The two actions were consolidated and tried together before a jury which returned a verdict in favor of the defendant. The Circuit Court of Ohio County overruled the plaintiffs' motion for a new trial and entered a final judgment in favor of the defendant on August 25, 1961. A writ of error to this judgment was granted by this Court on November 13, 1961.

This accident occurred about 4 o'clock in the afternoon of September 25, 1959, near the infant plaintiff's home in the City of Wheeling, while he was attempting to cross U. S. Highway No. 40, a heavily traveled highway. The infant plaintiff was between the age of 7 and 8 years at the time of the accident. He was of above ordinary intelligence for a boy of his age and made good grades in his school work. He had been repeatedly warned by both his father and mother to be careful in crossing this heavily traveled national road. In fact, he had been warned on the day of the accident by his father, and only a few minutes before the

accident by his mother. The evidence indicates that he had the capacity to understand the danger of crossing the highway, and did understand such danger. He knew that the highway at which place he crossed was used by many automobiles traveling in both directions. The road or highway was about 25 feet wide at the scene of the accident. The infant plaintiff had been accompanied by his mother to the curb on the east side of the highway a few minutes prior to the accident. She was sending him to a store to get some bread and aspirin and had warned him to be careful in crossing the highway.

Before the infant plaintiff started to cross the highway, a relative's child, whom his mother was keeping in her home, began crying and she ran up the steps and into her living room to attend to the child. It was at this time the accident occurred, and, upon hearing the screeching of tires, she immediately returned to the street or highway and the scene of the accident. The only eye witnesses to this accident were the infant plaintiff, the defendant, and his wife, who was riding in his car on the front seat with him. The infant plaintiff testified that he looked up and down the road before starting to cross and observed the defendant's automobile coming down the road in a southerly direction about 450 feet away. He stated that there were no other vehicles traveling in either direction on this arterial highway at the time, although the record discloses that following the accident vehicles were backed up on the highway as far as one could see.

The defendant and his wife testified that when he was driving his Volkswagen automobile down this highway there were automobiles in front of him in the direction he was driving and automobiles approaching from the opposite direction, that the infant plaintiff darted out from behind an approaching automobile which was traveling north in the east lane, and that they did not see the child until the front end of their automobile was about 2 feet past the front end of the approaching automobile and the infant plaintiff about 6 feet behind this approaching automobile, that he applied his brakes and swerved his car to the right of the west lane

in which he was driving, and that the child, who was attempting to cross the highway diagonally with the back of his head toward him, continued to cross at an angle and ran into the left front of his car, and that he came to a complete stop about 5 to 7 feet from a stone wall on the right side of the highway; that just before the accident occurred they saw the child disappear from view.

The infant plaintiff stated that he did not know whether he was walking slowly or rapidly but that he was not running, and that he was walking with his back toward the automobile in question; that he felt like he was going in the air like an airplane.

After the accident the infant plaintiff was found lying on his stomach on the highway with his right leg under the left front wheel of the defendant's automobile. Skid marks measuring 36′5″ made by the tires of the defendant's automobile were found, and indicated that it had veered to the right. Brown scrape marks made by the infant plaintiff's shoes were found on the highway for a distance of 37′6″, which was 1′1″ longer than the distance of the skid marks made by the tires of defendant's automobile. There were no marks or brushed places found either on the left side or front of the defendant's car which would indicate where he had come in contact with the car at the time of the accident.

It is difficult to ascertain from the evidence in this case how the infant plaintiff could have fallen when he came in contact with the automobile and then be found lying on his stomach, with his right leg under the left front wheel with skid marks from the tires over 36′ and marks from his right shoe over 37′ found. Although the stopping distance of the car indicated by the skid marks would be within the proper bounds for a car traveling 20 or 25 miles per hour, as claimed by the defendant, it would appear that the front wheel would have passed over the right leg of the infant plaintiff within the 36′ and would not have been found resting on his leg.

Following the accident, the infant plaintiff, accompanied by his mother, was taken by ambulance to a hospital, where

he remained for eight days, during which time casts were placed on his leg. He received severe and permanent injuries as a result of the accident and did not return to school until the middle of the following February in 1960.

Three assignments of error are relied upon by the plaintiffs for reversal of the trial court's judgment: (1) The court erred in giving the defendant's Instruction No. 9 over the objection of the plaintiffs, (2) the verdict of the jury is contrary to the law and evidence, (3) the court erred in overruling the motion of the plaintiffs to award them a new trial.

There is direct conflict in the evidence as to how this accident occurred. If the jury believed the evidence of the plaintiffs, that there was no vehicular traffic on this heavily traveled highway at the time of the accident, and that the defendant saw or should have seen the infant plaintiff on the sidewalk to his left, or the east side, 450 feet away, and saw him start to walk across the street, then a verdict should have been returned in favor of the plaintiffs. However, if the jury believed the defendant's version of the accident, that is, that the infant plaintiff came out from behind an approaching automobile and ran into the left side or immediately into the path of his automobile, then the defendant was entitled to a verdict. *Slater* v. *Shirkey*, 122 W. Va. 271, 8 S. E. 2d 897. With the direct conflict as to how the accident happened being present in this case, as disclosed by the testimony and evidence of both the plaintiffs and the defendant, it is a clear case for jury determination. The jury having returned a verdict for the defendant, thus indicating that it believed the evidence introduced on his behalf, it is clearly not contrary to the law and evidence. Therefore, we find no merit to the second assignment of error. *Davis* v. *Sargent, et al.*, 138 W. Va. 861, 78 S. E. 2d 217; *Bower* v. *Brannon*, 141 W. Va. 435, 90 S. E. 2d 342; *Meadows* v. *Stickler, et al.*, 144 W. Va. 644, 110 S. E. 2d 380.

The entire disposition of this case turns upon whether or not it was error for the trial court to give Instruction No. 9, offered by the defendant over the objection of the plaintiffs. The third assignment of error which is to the effect that the

court erred in overruling the motion of the plaintiffs to award them a new trial rests entirely upon whether or not Instruction No. 9 was proper under the facts and circumstances in this case.

Instruction No. 9, offered by the defendant and given by the court, reads as follows:

> "The Court instructs the jury that if they believe from the evidence that the plaintiff, Alfred Shaw, was warned of the danger involved in running into and crossing the street and was of sufficient intelligence to comprehend the danger incident to doing so, and if the jury further believe from the evidence that the plaintiff, Alfred Shaw, after being so warned, ran or walked into the street and into the side or path of the approaching defendant's automobile, then they are instructed that such action on the part of the plaintiff amounted to contributory negligence such as will bar the plaintiffs' right of recovery, and their verdict should be for the defendant."

The only objection the plaintiffs made in the trial court to this Instruction was that it did not correctly state the law on contributory negligence of infants, although other objections are attempted to be made in this Court.

As a general rule objections and the grounds therefor must be made in the trial court before they will be considered in this Court. 10 M. J., Instructions, §50; Rules of Civil Procedure, Rule 51.

It appears, however, from the plaintiffs' briefs that they rely mainly on the ground assigned in the trial court, because they argue in their briefs that out of an abundance of precaution they offered a correct instruction on contributory negligence with regard to infants which is applicable to the case at bar, and that such instruction was given by the court, although they rely on the holding in the case of *Graham* v. *Wriston*, 146 W. Va. 484, 120 S. E. 2d 713, that this alleged correct instruction would not cure any error in Instruction No. 9. The instruction referred to was Instruction No. 4, offered by the plaintiffs and given by the Court, and it told the jury that there was a presumption that a child of seven

years of age could not be guilty of contributory negligence, that the presumption was rebuttable and the burden of proof to overcome the presumption rests upon the defendant. To support their contention in this connection, they cite the case of *French* v. *Sinkford,* 132 W. Va. 66, 54 S. E. 2d 38, although in that case this Court held that there was no testimony in the record to rebut the presumption that the infant plaintiff was incapable of being guilty of contributory negligence and therefore the jury was entitled to be instructed with regard to the presumption pertaining to the contributory negligence of infants.

In the instant case there is uncontradicted evidence that the infant plaintiff was warned of the danger in crossing the street where the accident occurred, and that he was of sufficient intelligence to comprehend such danger. Therefore, the presumption that the infant plaintiff was incapable of contributory negligence was rebutted, and it was not necessary to instruct the jury with regard to the presumption when it had been rebutted, because, in such case, the presumption disappears. 88 C.J.S., Trial, §287; 13 M. J., Negligence, §42; *Ewing* v. *Lanark Fuel Company,* 65 W. Va. 726, 65 S. E. 200; *Blankenship* v. *Ethel Coal Co.,* 69 W. Va. 74, 70 S. E. 863; *Goff* v. *Clarksburg Dairy Company,* 86 W. Va. 237, 103 S. E. 58; *Trippett* v. *Monongahela West Penn Public Service Company,* 100 W. Va. 319, 130 S. E. 483; *Dwight* v. *Hazlett,* 107 W. Va. 192, 147 S. E. 877.

In the *Trippett* case this Court held that it was error not to give an instruction which contained language almost identical to that contained in Instruction No. 9 in the case at bar. The only difference between the two instructions is that the instruction in the *Trippett* case contained the language with regard to the warning of the danger of stepping from a car while it was in motion, and after being so warned and comprehending the danger, the infant jumped or stepped from the car while it was in motion, whereas, in the instant case the instruction contained the language that the plaintiff was warned of the danger of running into and crossing the street, and after being so warned and comprehending the danger, ran or walked into the street into the path of de-

fendant's approaching automobile. The two instructions are binding, but they only instruct the jury on one phase of the case, that is, if they believed from the evidence the infant plaintiff was warned of the danger and had sufficient intelligence to understand the danger, and if they further believed from the evidence that the infant plaintiff, after being so warned, ran or walked into the street and into the side or path of defendant's automobile, then the jury was instructed that the plaintiff would be guilty of such contributory negligence, which would bar his recovery.

In the case of *Goff* v. *Dairy Company, supra,* in which an infant plaintiff is involved and a somewhat similar situation present, it was held that it was error to refuse to give to the jury an interrogatory propounded by the defendant, requiring the jury to find whether or not the infant plaintiff was negligent in attempting to cross the street. In the *Goff* case, this Court stated: "That he could have been guilty of negligence, there can be no doubt. Almost any boy of his age knows the danger of stepping in front of a moving automobile."

It was held in the *Trippett* case that age alone was not the only element to consider in cases of this kind. The objection by the plaintiff to the similar instruction contained in the *Trippett* case was that it was abstract, and should have been confined to the special evidence of contributory negligence. This Court held that it was not defective for that reason, due to the fact that it referred to the particular evidence with regard to warning and comprehension of the danger and the instruction should have been given for that reason alone.

One of the major objections of the plaintiffs to Instruction No. 9 in the instant case is that by using the disjunctive "or" in stating that if the jury believed the infant plaintiff ran or walked into the street and into the side *or* path of defendant's automobile, it would permit the jury to find for the defendant if the jury believed the infant plaintiff walked across the street into the path of the defendant's automobile, regardless of the distance the automobile was from the plaintiff at the time he so walked into the path of it. This

objection appears to be without merit when considered under the facts in this case and the Instruction in question.

The plaintiffs apparently do not object to the Instruction wherein it tells the jury that the plaintiffs could not recover if the infant plaintiff walked into the side of the automobile, but only object to the language pertaining to walking into its path. It is the same automobile, and it had, by necessity, to be in the immediate vicinity, regardless of whether the plaintiff walked into the side or into its path. Therefore, under the wording of this Instruction and the facts of this case, it would not apply to any automobile that was an appreciable distance away. It applies only to the defendant's approaching automobile, and it has been consistently held that an approaching vehicle is one coming near to, in point of time and place, or in proximity to or within the limit of danger. *Ruffin Coal & Transfer Co. v. Rich,* (Ala.) 108 So. 600; *Packar v. Brooks,* (Minn.) 300 N. W. 400; *Martin v. Kansas City Southern Ry. Co.,* (Mo.) 180 S. W. 1005; *Lawrence v. Goodwill,* (Cal.) 186 P. 781; *Wadsworth v. Marshall,* (Me.) 34 Atl. 30; *Keyes v. Hawley et al.,* (Cal.) 279 P. 674; *Weber v. Greenebaum,* (Pa.) 113 A. 413; *Peterson v. Lang,* (Minn.) 58 N. W. 2d 609; *Plog v. Zolper,* (Wisc.) 85 N. W. 2d 492; *Dwyer v. Christensen,* (S. D.) 92 N. W. 2d 199; *Brady v. Nehi Beverage Company, Inc.,* (N. C.) 86 S. E. 2d 901.

It is true that an infant plaintiff, as well as an adult plaintiff, is not required to look continuously if he has taken the proper precaution for his own safety in looking for nearby traffic and nevertheless is struck by an oncoming automobile. *Deputy v. Kimmell,* 73 W. Va. 595, 80 S. E. 919; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410. It is equally true that where an infant plaintiff has been warned of the danger and has the capacity to understand such danger, and where, notwithstanding such warning and sufficient intelligence to comprehend the danger, nevertheless subjects himself to the danger without proper precaution for his own safety and is thereby injured, no recovery will be allowed. *Schoonover v. Baltimore & Ohio Railroad Co.,* 69 W. Va. 560, 73 S. E. 266; *Goff v. Clarksburg Dairy Company, supra; Trippett v. Monongahela West Penn Public Service Company, supra.*

Another objection the plaintiffs attempt to make in this Court to the Instruction in question is that it does not state that the contributory negligence was the proximate cause of the injury. It should first be pointed out that Instruction No. 4, offered by the plaintiffs and given by the court, which the plaintiffs' attorney states is a correct instruction in connection with this matter, does not mention proximate cause with regard to the contributory negligence of the infant plaintff. It is not necessary to do so in the instruction in question because of the facts involved and the language used.

It is true that the contributory negligence in any case must proximately contribute to the injury before it will bar recovery, but the instruction itself clearly shows that the contributory negligence referred to therein was the proximate cause of the injury, or contributed proximately thereto. The language itself does just that wherein it states that such action on the part of the infant plaintiff would amount to such contributory negligence that will bar the plaintiffs' right of recovery. An instruction should contain facts which constitute definitions of legal terms necessary to meet legal requirements for or against recovery instead of requiring the use of magic legal words or terms that a jury does not understand.

If an instruction indicated or implied in any manner that the negligence of the infant plaintiff was not connected with or did not contribute to the injury, and that such negligence would bar recovery, it would be an erroneous instruction as to the law relative thereto, and would constitute reversible error. The contributory negligence must contribute proximately and not indirectly before it becomes a bar to recovery on the part of a plaintiff. However, it is not necessary in an instruction relating to contributory negligence to state that but for it there would have been no accident, or in other words, that the contributory negligence was the proximate cause. After a jury has been instructed that the plaintiff can recover if they find the defendant guilty of negligence which is the proximate cause of the injury, it is only necessary for the defendant to show that the negligence of

the plaintiff contributed to the injury, and for the court to instruct the jury that such contributory negligence would bar plaintiff's recovery.

This question is discussed in 13 M. J., Negligence, §29, wherein it is stated: "It is not necessary to the defense of contributory negligence to show that but for it the accident would not have occurred. It is enough to show that the negligence of the plaintiff contributed to the injury. The question to be determined is not whether the plaintiff's negligence caused, but whether it contributed to the injury of which he complains."

Under the facts and circumstances of the instant case we are of the opinion that the giving of Instruction No. 9 referred to herein, under the objection thereto, was not reversible error, as it only allowed the jury to consider the evidence relating to the actions of the infant plaintiff in connection with the uncontradicted evidence pertaining to warning, and his capicity to understand such warning in relation to his age and intelligence, and if the jury found that he had been warned and had the capacity to understand the warning, it could place him in the same category as an adult with regard to contributory negligence under the circumstances in the case at bar and not allow recovery for the injuries he suffered in the accident.

There being a direct conflict in the evidence with regard to the negligence of the defendant and the contributory negligence of the infant plaintiff, it became clearly a question for the jury to determine. *Meadows* v. *Stickler,* 144 W. Va. 644, 110 S. E. 2d 380.

For the reasons enunciated herein, the judgment of the Circuit Court of Ohio County is affirmed.

Judge Given participated in the unanimous decision of this case, but his death occurred before the opinion was prepared, approved and announced.

*Affirmed.*