ROY LEE THOMAS

*v.*

LOUISE RAMEY *and*
LEWIS RAMEY

*v.*

UNITED STATES OF AMERICA

(No. 13106)

Submitted September 12, 1972.  Decided October 10, 1972.

Dissenting Opinion December 5, 1972.

*Bowers, File, Hodson & Payne, W. H. File, Jr.,* for appellant.

*Thornhill, Kennedy & Vaughan, David T. Kennedy,* for appellee.

KESSEL, JUDGE:

This civil action was instituted in the Circuit Court of Raleigh County by Roy Lee Thomas against Louise Ramey and Lewis Ramey, her husband, to recover damages for personal injuries, pain and suffering sustained by the plaintiff, and medical expenses contracted by him which were occasioned by his being struck by an automobile owned and operated by Louise Ramey while he was crossing Heber Street in the city of Beckley. Prior to the trial of the case Lewis Ramey was dismissed as a defendant and the United States of America was permitted to intervene, having paid, on behalf of the plaintiff, medical and hospital expenses incurred as a result of plaintiff's injuries. Upon the trial of the case, the jury returned a verdict in favor of the defendant. The circuit court, by an order entered on January 8, 1971, set aside the jury verdict and ordered that the plaintiff be granted a new trial. It is from this order that an appeal to this Court was granted.

In this opinion Roy Lee Thomas, the plaintiff below and the appellee here, will be referred to as plaintiff; the United States of America will be referred to as intervenor; and Louise Ramey, the defendant below and the appellant in this Court, will be referred to as defendant.

The sole question presented for decision in this Court is whether the trial court should have set aside the jury verdict and granted the plaintiff a new trial. The propriety of the trial court's action in this regard necessarily involves a determination of whether the trial court should have given Plaintiff's Instruction No. 1, which is as follows: "THE JURY IS INSTRUCTED that under the law and evidence in this case your verdict must be in favor of the plaintiff, Roy Lee Thomas, and the intervenor, the United States of America, and against the defendant, Louise Ramey." The trial court refused to give this instruction and submitted the case to the jury on the question of the primary negligence of the defendant and the contributory negligence of the plaintiff. After the

jury verdict was returned in favor of the defendant, the plaintiff and intervenor moved the court to set aside the verdict for the reasons that: (1) the verdict was contrary to the law and evidence; (2) the court erred in refusing Plaintiff's Instruction No. 1; and (3) the court erred in giving Defendant's Instructions Nos. F and I. The court held in its order setting aside the jury verdict and granting a new trial that it had erred in refusing Plaintiff's Instruction No. 1 and in giving Defendant's Instructions Nos. E, F and I, which instructed the jury with respect to contributory negligence. If the plaintiff was not guilty of contributory negligence as a matter of law and the defendant was guilty of primary negligence as a matter of law, then Plaintiff's Instruction No. 1 should have been read to the jury.

The accident took place at the intersection of Prince and Heber Streets in the city of Beckley. Heber Street is a one-way street with two lanes of traffic and one lane for parking on its right side, going the way of the traffic. Heber Street passes by the courthouse and ends at the point it intersects with Prince Street. There was no light regulating traffic at the intersection, but there was a stop sign, which was situated on the right hand side of the street, as one proceeds with the traffic, and on the other side of the street was a sign indicating that Heber Street was a one-way street. There was a marked walkway for pedestrians across Heber Street at the point it intersected with Prince Street.

The plaintiff, who was in the army at the time and was engaged in recruiting people for the army and was stationed in Beckley, testified that he was going to the Armed Forces Examining Station when he approached the intersection of Prince and Heber Streets. The automobile traffic on Heber Street would have been coming from his left. He further stated that before starting to cross Heber Street, at the marked crosswalk, he looked both ways for traffic. Seeing no traffic, the plaintiff stated that he proceeded to cross the street and, when he was within about two steps of reaching the opposite side

of the street, he noticed, out of the corner of his eye, a car to his left. Almost simultaneously he felt the impact of the car on his left leg. He said he did not see the car prior to that time but could have if he had looked. He further testified that he "assumed that I warded off the car, or put out my hand instinctively, because it was a little sore in the wrist." Plaintiff was not knocked from his feet and proceeded on across the street.

After spending a short time with the defendant, during which they "exchanged information in regard to names and so forth," the plaintiff went to the Armed Forces Examining Station, where Dr. Ansel and Dr. Herrara, army physicians who were at the station at that time, examined him and advised him to go to a hospital. The plaintiff said that at that time "I had pain across the lower part of the back, and it was rather excruciating pain, and it seemed like by the time I got down there I was feeling real nauseated at my stomach from the pain." The plaintiff further stated, "I noticed a very little soreness in the wrist, and I can assume probably this resulted when I tried to ward the car off and stuck my hand out." Dr. Ansel's examination of the plaintiff revealed evidence of redness along the left side of the upper left leg.

Louise Ramey, the defendant, testified that prior to the accident she was proceeding in her automobile on Heber Street. As she approached the intersection of Heber Street with Prince Street, she stopped behind another car in the left lane of traffic; that the car in front of her "pulled out and went to the left"; that she "pulled up to where the car had been" and stopped her car, waiting for traffic to go by. There was a lane for traffic to her right, but there were no cars in it.

On cross-examination the defendant testified as follows:

"Q Now, you say you saw him when he was coming out from the curb on the right hand side?

A Yes, sir. I was looking at him as he crossed the street.

Q Well, Mrs. Ramey, did you follow him all the way across the street with your eyes?

A I looked at him as he came across, and then when I saw he was about to leave the front of my car, which was in front of the two cars, I looked right to see if there was any traffic coming from the right, and then back again.

Q Well, Mrs. Ramey, if you were looking at him all the way across the street is there any reason why you pulled out before he cleared your car on the left?

A I didn't pull out, sir. Apparently I let up on the brake just slightly. Mr. Thomas was walking very slowly, and took longer to cross the street than I thought he would.

Q But he had come in your vision all the way across the two lanes, the parking lane, the other lane, the right hand side of your car, and gotten almost clear over to the left —

A Yes.

Q All in your line of vision.

A Yes, sir.

Q And then you let up and came forward.

A I let up, but I did not push on the gas.

Q I didn't say that. I say you·let up and your car went forward.

A Yes, sir."

The applicable ordinances of the City of Beckley are as follows:

"Sec. 13-1. Definitions.

"Crosswalk. (a) 'Crosswalk' means that part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the street measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway.

'Crosswalk' also means any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface."

"Sec. 13-111.   Right of way — In crosswalks; when vehicle drivers not to overtake and pass vehicles stopped at crosswalks.

"(a)   When traffic control signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be so to yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.   This provision shall not apply under the conditions stated in subsection (b) of section 13-112.

"(b)   Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.   (Code 1958, pt. 3, ch. 9, art. 71, #2.)"

Should the trial court have given the preemptory instruction tendered by the plaintiff, which was designated as Plaintiff's Instruction No. 1?   "Though ordinarily the questions of negligence and contributory negligence are for the jury, when the material facts are undisputed and only one inference may be drawn from them by reasonable minds, the questions of negligence and contributory negligence are questions of law for the court." *Lewis v. McIntire,* 150 W.Va. 117, 120, 144 S.E.2d 319, 321.   See *Petros v. Kellas,* 146 W.Va. 619, 122 S.E.2d 177; *Graham v. Crist,* 146 W.Va. 156, 118 S.E.2d 640; *Brake v. Cerra,* 145 W.Va. 76, 112 S.E.2d 466; *Workman v.*

*Wynne,* 142 W.Va. 135, 94 S.E.2d 665, and the many cases cited in the *Workman* opinion. In the sixth point of the syllabus of *Preston County Coke Company v. Preston County Light and Power Company,* 146 W.Va. 231, 119 S.E.2d 420, this Court held as follows: "When the evidence, though conflicting as a whole, embraces uncontradicted facts and circumstances which cause the case to turn in favor of one of the parties so that a verdict adverse to such party can not stand, the court should direct a verdict in his favor."

The Court, in the case of *Ritz v. Kingdon,* 139 W.Va. 189, 79 S.E.2d 123, stated in point 24 of the syllabus that a "verdict which is without evidence to support it or is against the clear preponderance of conflicting evidence will, on proper motion, be set aside by the court." See *Frye v. Norton,* 148 W.Va. 500, 135 S.E.2d 603. In *Bank of White Sulphur Springs v. Lynch,* 93 W.Va. 382, 116 S.E. 685, the fourth point of the syllabus is as follows:

> "Where the evidence plainly and decidedly preponderates in favor of a party it is not error to instruct the jury to return a verdict for him. On a motion for a directed verdict the court should be guided by what its action would be if a verdict should be returned for the opposite party and a motion made to set aside the verdict."

See *Blain v. Woods,* 145 W.Va. 297, 115 S.E.2d 88.

In the instant case, the plaintiff crossed Heber Street at a marked crosswalk. The automobile traffic approaching the crosswalk was required by the city ordinance, as well as the stop sign, to yield the right of way to a pedestrian crossing within the crosswalk by slowing down and stopping, if necessary, when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway to be in danger. The defendant did bring her car to a stop and, upon looking, saw the plaintiff start to cross the crosswalk and in fact saw him all the time he was crossing the street. Her only

explanation as to why she hit him was that he took longer to cross the street than she thought he would.

The plaintiff admits that he didn't look to his left all the time to see if there was approaching traffic as he was crossing the street. He is not required to do this, and no negligence can be imputed to him for his failure to do so. He had a right to assume that vehicular traffic approaching the marked crosswalk would comply with the city ordinance governing such traffic.

> " 'A person lawfully in a public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury. Failure to anticipate omission of such care does not render him negligent. A pedestrian is not bound, as a matter of law, to be continuously looking or listening to ascertain if automobiles or other vehicles are approaching, under penalty that if he fails to do so and is injured his own negligence will defeat recovery of damages sustained.' Point 7, syllabus, *Deputy v. Kimmell,* 73 W.Va. 595." *Sydenstricker v. Vannoy,* 151 W.Va. 177, 150 S.E.2d 905, Point 4 Syllabus.

At the time the plaintiff was struck, he was within two steps of reaching the curb. The undisputed evidence discloses that the plaintiff was struck by the left front portion of the defendant's automobile. We are of the opinion that the plaintiff, as a matter of law, was not contributorily negligent.

We must address ourselves to the issue of whether the defendant was guilty of primary negligence. If she was not, then the jury verdict was proper. The defendant, according to her own evidence, which was uncontroverted, saw the plaintiff from the time he was coming from the curb on her right hand side and was looking at him as he crossed the street. As she saw that he was about to leave the front end of her car, she says she looked to the right to see if there was any traffic coming and then looked back again. Then she apparently let up on her brake "just slightly", thinking that the plaintiff was getting across the street, passing the front of her car; but as she

said, he was walking very slowly and "took longer to cross the street" than she thought he would. He was within her vision all the time and she saw him all the time. It appears to have been a mistake in her judgment as to when she should start her car forward. She had come to a stop at the marked crosswalk as required by the city ordinance, but she did not yield to the pedestrian crossing the roadway within the crosswalk. She violated the city ordinance which was prima facie evidence of negligence, which was not controverted. According to the facts and circumstances of this case, the defendant's admitted and uncontroverted violation of the city ordinance was the natural and proximate cause of the injury to the plaintiff, and she is, therefore, guilty of primary negligence as a matter of law. This Court has held in many cases that "The violation of a statute or an ordinance is prima facie actionable negligence when it is the natural and proximate cause of an injury." *Lewis v. McIntire,* 150 W.Va. 117, pt. 3 Syl., 144 S.E.2d 319. See *Cross v. Noland,* 156 W.Va. 1, 190 S.E.2d 18; *Payne v. Kinder,* 147 W.Va. 352, 127 S.E.2d 726; *Spurlin v. Nardo,* 145 W.Va. 408, 114 S.E.2d 913; *Barniak v. Grossman,* 141 W.Va. 760, 93 S.E.2d 49; *Morris v. The City of Wheeling,* 140 W.Va. 78, 82 S.E.2d 536. *Pitzer v. M. D. Tomkies and Sons,* 136 W.Va. 268, 67 S.E.2d 437; *Moore v. Skyline Cab, Inc.,* 134 W.Va. 121, 59 S.E.2d 437; *Somerville v. Dellosa,* 133 W.Va. 435, 56 S.E.2d 756; *Rich v. Rosenshine,* 131 W.Va. 30, 45 S.E.2d 499; *Skaff v. Dodd,* 130 W.Va. 540, 44 S.E.2d 621.

This Court has held in numerous decisions that when the material facts are undisputed and only one inference may be drawn from them by reasonable minds, the questions of negligence and contributory negligence are questions of law for the court. *Workman v. Wynne,* 142 W.Va. 135, 149, 94 S.E.2d 665, 673-74, and numerous cases cited therein.

Plaintiff's Instruction No. 1 should have been given and it follows that Defendant's Instructions Nos. E, F and I should not have been given.

For reasons stated in this opinion, the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*

BERRY, JUDGE, dissenting:

I dissent from the majority opinion wherein it holds that the plaintiff was not guilty of contributory negligence as a matter of law. I am of the opinion that the matter of contributory negligence of the plaintiff is a question for jury determination. The defendant's automobile was either stopped or moving slowly at an intersection and the plaintiff walked across the street in front of the automobile. The plaintiff stated that he was not aware of the defendant's car at any time until it struck him. It was the duty of the plaintiff to use due care for his own safety and under the circumstances in the case at bar it would appear that this was a matter for the jury to determine. *Shaw v. Perfetti,* 147 W.Va. 87, 125 S.E.2d 778.

Judge Haden joins in this dissent.