408 S.E.2d 55

**Brenda PINO, as Mother and Next Friend of Patrick S. Pino, an Infant Under the Age of 18 Years, Plaintiff Below, Appellant,**

v.

**Steve SZUCH, Defendant Below, Appellee.**

**No. 19775.**

Supreme Court of Appeals of West Virginia.

Submitted May 8, 1991.

Decided July 17, 1991.

478

W.A. Thornhill, III, Beckley, for appellant.

Thomas S. Sweeney, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Charleston, for appellee.

MILLER, Chief Justice:

The plaintiff, Brenda Pino, as mother and next friend of Patrick S. Pino, an infant under the age of eighteen years, who was eight years of age at the time of the accident, appeals from a final order of the Circuit Court of Fayette County, dated April 9, 1990, denying her motion for a new trial. On appeal, the plaintiff contends that the jury was erroneously instructed about the rebuttable presumption that children between the ages of seven and fourteen lack the capacity to be negligent. We agree.

On September 19, 1981, Patrick S. Pino (Shawn) was riding his bicycle in the yard of Steve Szuch while Mr. Szuch was cutting the grass with a riding lawn mower. The bicycle and lawn mower collided, and Shawn's right leg and foot were severely injured.

Thereafter, Shawn's mother sued Mr. Szuch for negligent operation of the lawn mower. Following a two-day trial, the jury awarded the plaintiff a $15,000 verdict; however, the jury further found that Shawn was 45 percent comparatively negligent. Accordingly, the trial court reduced the $15,000 verdict by 45 percent and awarded the plaintiff $8,250.

West Virginia, like most jurisdictions, treats children with considerable favoritism in regard to their negligent acts. Courts have evolved different standards with regard to a child's negligence. *See generally* Annot., 32 A.L.R.4th 56 (1984 & Supp.1990) (contributory negligence of children); Annot., 27 A.L.R.4th 15 (1984 & Supp.1990) (primary negligence of children); O. Gray, *The Standard of Care for Children Revisited*, 45 Mo.L.Rev. 597 (1980).

■ We have traditionally held that there is a conclusive presumption that a child under the age of seven is incapable of negligence. *See, e.g., Shaw v. Perfetti,* 147 W.Va. 87, 125 S.E.2d 778 (1962); *Ewing v. Lanark Fuel Co.,* 65 W.Va. 726, 65 S.E. 200 (1909).

■ For children between the ages of seven and fourteen, the conclusive pre-

sumption disappears, and a rebuttable presumption applies. However, the burden is upon the party attempting to overcome the presumption to prove that the child has the capacity to be contributorily negligent. We explained this rule in Syllabus Point 2 of *Jordan v. Bero,* 158 W.Va. 28, 210 S.E.2d 618 (1974):

> "In tort law there is a rebuttable presumption that a child between the ages of seven and fourteen is not guilty of contributory negligence. To overcome this presumption, the burden is upon a defendant to prove by a preponderance of the evidence that a child of such age has the capacity to be guilty of contributory negligence."

■ At the age of fourteen and older, a child "is presumed to possess sufficient mental capacity to comprehend and avoid danger, and if he relies on his want of such capacity the burden of proving it is on him[.]" *French v. Sinkford,* 132 W.Va. 66, 68, 54 S.E.2d 38, 39 (1948), *quoting* Syllabus Point 5, in part, *Ewing v. Lanark Fuel Co., supra.* Thus, a child age fourteen or older is presumed to be capable of being negligent, and if the child relies on the lack of such capacity, the burden of proving it is on the child.

■ Several courts use similar age groupings when assessing a child's capacity to be negligent. *See, e.g., Fletcher v. Hale,* 548 So.2d 135 (Ala.1989); *Friedman v. Park Dist. of Highland Park,* 151 Ill. App.3d 374, 104 Ill.Dec. 329, 502 N.E.2d 826 (1986); *Hoots v. Beeson,* 272 N.C. 644, 159 S.E.2d 16 (1968); *Hunter v. City of Cleveland,* 46 Ohio St.2d 91, 75 O.O.2d 160, 346 N.E.2d 303 (1976); *Berman v. Philadelphia Bd. of Educ.,* 310 Pa.Super. 153, 456 A.2d 545 (1983); *Prater v. Burns,* 525 S.W.2d 846 (Tenn.App.1975); *Grant v. Mays,* 204 Va. 41, 129 S.E.2d 10 (1963). Other jurisdictions have adopted the standard set out in Section 283A of the Restatement (Second) of Torts (1982).[1] *See* Annot., 32 A.L.R.4th § 9 at 79. We find the

Restatement standard too vague to assist a jury.

■ With this background, we address whether the trial court erred in giving Defendant's Instruction No. 6 to the jury. The instruction read:

> "The Court further instructs the jury that if you believe from the evidence that Shawn Pino was warned of the danger in being around a lawn mower that was in operation, and that he was of sufficient intelligence to understand the danger, and that in spite of the same he voluntarily placed himself in a position where he collided with the lawn mower being operated by the defendant and was injured because of such collision, then you are instructed that such action on the part of Shawn Pino amounted to negligence."

Several flaws are apparent in this instruction. First, it did not state the general rule that there is a rebuttable presumption that an eight-year-old child cannot be guilty of contributory negligence. Second, the instruction did not state that the burden of overcoming this presumption was upon the defendant. Third, the instruction focused exclusively on two factors, i.e., that the child was warned of the danger of being around lawn mowers and was of sufficient intelligence to understand the danger. If the jury found these factors to be present, they were directed to find that the child was guilty of contributory negligence. Defendant's Instruction No. 6 was a binding instruction because it required the jury to find Shawn negligent if it believed the initial two premises existed. *See Bragg v. C.I. Whitten Transfer Co.,* 125 W.Va. 722, 26 S.E.2d 217 (1943).

The rationale for the rebuttable presumption for children between the ages of seven and fourteen is that these children usually lack the intelligence, maturity, and judgmental capacity to be held accountable for their actions. There is no doubt, as the Pennsylvania court said in *Berman v. Philadelphia Board of Education,* 310 Pa.Super. at 159, 456 A.2d at 549, that the pre-

---

1. Section 283A of the Restatement (Second) of Torts (1965) provides: "If the actor is a child, the standard of conduct to which he must con- form to avoid being negligent is that of a reasonable person of like age, intelligence, and experience under like circumstances."

sumption "grows weaker as the fourteenth year grows closer." However, this case involved a child who was at the opposite end of the presumption spectrum. In this situation, the presumption is strong, and the defendant must show that the child's maturity, intelligence, experience, and judgmental capacity is significantly beyond that of the average eight-year-old to overcome it.

■ Merely showing that the child is a bright eight-year-old or does well in school does not rebut the presumption, and to hold otherwise would undercut its very foundation. The Alabama Supreme Court stressed this point in *King v. South*, 352 So.2d 1346, 1347 (Ala.1977), *quoting Alabama Power Co. v. Taylor*, 293 Ala. 484, 498, 306 So.2d 236, 250 (1975), as follows: " ' "The fact that an infant is shown to be bright, smart, and industrious is not sufficient to overcome the presumption of want of discretion. (Citations omitted.)" ... *Jones v. Strickland*, 201 Ala. 138, 77 So. 562 (1917).' " (Emphasis omitted).

■ We emphasize that in order to rebut the presumption that a child between the ages of seven and fourteen lacks the capacity to be negligent, evidence of the child's intelligence, maturity, experience, and judgmental capacity must be presented to the jury. It is also permissible to show that the child had been recently warned of the dangers associated with the activity that gave rise to his injury. Moreover, the jury should be instructed about the rebuttable presumption and that it should consider the foregoing factors along with the entire chain of events leading up to the accident to determine whether the presumption has been rebutted.

■ A party is not entitled to rebut the presumption with a binding instruction which focuses only on two factors, i.e., '

whether the child has been warned of the danger that caused his injury and whether the child was of sufficient intelligence to understand the danger. A proper instruction must include the other factors that a jury should consider in determining whether the presumption has been rebutted.

The defendant argues that the instruction should be held proper under Syllabus Point 4 of *Shaw v. Perfetti, supra*, which was an extremely narrow, factually specific holding.[2] What we ignored in *Shaw* was that the instruction in issue was also binding. We limit *Shaw* to its precise facts because its reasoning runs counter to the principles explained today, particularly in light of the binding nature of the instruction given.

We discussed at some length in *Bragg v. C.I. Whitten Transfer Co.*, 125 W.Va. at 727, 26 S.E.2d at 220, the general rule with regard to a binding instruction:

"Plaintiff's Instruction No. 6 directed the jury to find a verdict for the plaintiff if certain hypothetical facts were believed—in common parlance, it was a binding instruction. 'It has been repeatedly held that it is improper for the court, in instructing a jury, to single out certain facts and instruct the jury, that if they are true, they must find for either of the parties in accordance with such facts, when there are other facts or evidence in the case bearing on the subject.' *Storrs v. Feick*, 24 W.Va. 606, 613 [ (1884) ]."

We further explained in *Bragg* that a defective binding instruction cannot be cured by reference to other instructions: "In other words, a binding instruction should be so drawn as to need no aid or supplement from another. Resort to other instructions to supply the necessary factual premise for the authorized conclusion gen-

---

2. Syllabus Point 4 of *Shaw v. Perfetti, supra*, states:

"An infant plaintiff between the age of seven and eight years, who has been warned of the danger in crossing a heavily traveled highway and has sufficient intelligence to comprehend the danger, may be barred from recovery by his own negligence, if, notwithstanding such warning and comprehension of such danger, he is injured by suddenly running or walking from behind a passing vehicle into the side or path of an approaching vehicle operated by the defendant, and it is not error if an instruction to the jury in such case omits reference to the presumption that such an infant is presumed not to be guilty of contributory negligence when there is sufficient evidence in the case to rebut such presumption."

erally results in confusing and misleading the jury." 125 W.Va. at 728, 26 S.E.2d at 221. We summarized these principles in Syllabus Point 3 of *Nesbitt v. Flaccus*, 149 W.Va. 65, 138 S.E.2d 859 (1964):

"A binding instruction which directs the jury to find for a party if it believes that certain facts therein enumerated are established by the evidence must not omit any fact essential to such finding, and such instruction must be complete in itself and can not be supplemented by other instructions given."

*See also Levine v. Headlee*, 148 W.Va. 323, 134 S.E.2d 892 (1964); *McMicken v. Province*, 141 W.Va. 273, 90 S.E.2d 348 (1955), *overruled on other grounds, Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979).

Under the foregoing law, Defendant's Instruction No. 6 was erroneous and could not be cured by other instructions. This binding instruction, which directed the jury to find the infant plaintiff negligent based on an incomplete factual basis, was prejudicial and undoubtedly resulted in the jury finding him 45 percent contributorily negligent. Had the jury been properly instructed, it conceivably would have found no contributory negligence on the part of the infant plaintiff.[3]

■ Our traditional rule regarding the impact of an erroneous instruction is explained in Syllabus Point 5 of *Yates v. Mancari*, 153 W.Va. 350, 168 S.E.2d 746 (1969):

" 'An erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by such instruction.' Point 2, syllabus, *Hollen v. Linger*, 151 W.Va. 255 [151 S.E.2d 330 (1966) ]."

*See also Rodgers v. Rodgers*, 184 W.Va. 82, 399 S.E.2d 664 (1990); *Birch v. Kelly*, 177 W.Va. 564, 355 S.E.2d 57 (1987); *Cunningham v. Martin*, 170 W.Va. 411, 294 S.E.2d

264 (1982); *Ratlief v. Yokum*, 167 W.Va. 779, 280 S.E.2d 584 (1981).

For the foregoing reasons, the judgment of the Circuit Court of Fayette County is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

**3.** While we have used the term "contributory negligence" throughout this opinion, as the trial court recognized, the child is also entitled to the presumption under comparative contributory negligence principles elaborated on in *Bradley v. Appalachian Power Co., supra.* The same would be true for comparative assumption of the risk. *See King v. Kayak Mfg. Co.*, 182 W.Va. 276, 387 S.E.2d 511 (1989).