Henry L. HARDIN, Plaintiff,

v.

SKI VENTURE, INC., a West Virginia
corporation d/b/a Snowshoe
Resort, Defendant.

Civ. A. No. 91–129–E.

United States District Court,
N.D. West Virginia,
Elkins Division.

April 4, 1994.

Rudolph L. DiTrapano, James M. Barber, Charleston, WV, for plaintiff.

Robert M. Steptoe, Jr., Clarksburg, WV, for defendant.

### MEMORANDUM OPINION

MAXWELL, Chief Judge.

On February 24, 1990, plaintiff Henry L. Hardin was skiing with two friends on the Grab Hammer trail at the defendant's ski area, known as Snowshoe Resort. While skiing near an operating snow-making machine, the plaintiff lost control and collided with a tree, the result of which allegedly rendered him a quadriplegic.

On December 26, 1991, the plaintiff brought this action alleging that the defendant negligently designed, constructed, and maintained the Grab Hammer trail and that the defendant negligently failed to mark the location of the snow-making machine with a visible sign or other warning implement. Plaintiff's expert witness opines, by deposition and an accompanying report, that the accident resulted from the making of excessively wet snow which stuck to plaintiff's goggles and obscured his vision. In addition, plaintiff's expert believes that the placement of the snow-making machine in question was, allegedly, pointed uphill, blowing directly into the face of skiers coming down Grab Hammer, which he believes may have contributed to the accident.

Following the close of discovery, the defendant filed a Motion for Summary Judgment in which it is alleged that plaintiff is barred from a recovery for his injuries pursuant to the West Virginia Skiing Responsibility Act, *West Virginia Code* § 20–3A–1, *et seq.* The defendant urges that it complied with all duties imposed upon it by *Code* § 20–3A–3 inasmuch as that statutory provision [specifically, §§ 20–3A–3(2) and (6) ] only requires

ski area operators to mark the location of snow-making equipment and to post notices of snowmaking. The defendant insists that it has no further obligation with regard to snow-making activity. In a similar vein, the defendant argues that two rules of statutory construction mandate that the general duty clause of *Code* § 20–3A–3(8) cannot be used to expand the specific duties set forth in *Code* §§ 20–3A–3(2) and (6).

In addition, the defendant contends that the plaintiff assumed the risk of his injuries. It is urged that *Code* § 20–3A–5 provides that skiers assume risks inherent to the sport and that snowmaking is a commonplace risk inherent to the sport which cannot be eliminated and, under the facts of this case, represented a danger which was obvious. The defendant also maintains that the plaintiff breached the duties imposed upon skiers under *Code* § 20–3A–5 by failing to:

1) ski within the limits of his ability;

2) maintain reasonable control of speed; and

3) heed posted warnings.

Under *Code* § 20–3A–8, skiers are liable for injury resulting from violations of these duties.

■ The West Virginia Skiing Responsibility Act ("the Act") immunizes ski area operators from tort liability for the inherent risks in the sport of skiing which are essentially impossible for ski area operators to eliminate. As set forth in *Code* § 20–3A–1, the purpose of the Act is to eliminate or curtail the exposure of ski area operators to liability for the inherit risks of skiing. *Lewis v. Canaan Valley Resorts, Inc.,* 185 W.Va. 684, 408 S.E.2d 634 (1991).[1] In pertinent part, the Act provides that:

it is the purpose of this article to define those areas of responsibility and affirmative acts for which ski area operators shall be liable for loss, damage or injury and

---

1. It would appear that *Lewis v. Canaan Valley* represents the West Virginia Supreme Court of Appeals' only occasion to address the Act. The Court held that the Act did not violate equal protection principles, did not constitute special legislation, and did not violate the certain remedies provision of the West Virginia Constitution.

those risks which the skier expressly assumes for which there can be no recovery. *West Virginia Code* § 20–3A–1.

The duties of a ski area operator are set forth in *Code* § 20–3A–3. Those duties which are pertinent to this case are:

(2) Mark with a visible sign or other warning implement the location of any hydrant or similar equipment used in snowmaking operations and located on ski slopes and trails;

(6) Place, or cause to be placed, whenever snow grooming or snowmaking operations are being undertaken upon any trail or slope while such trail or slope is open to the public, a conspicuous notice to that effect at or near the top of the trail or slope;

(8) Maintain the ski areas in a reasonably safe condition, except that such operator shall not be responsible for any injury, loss or damage caused by the following: Variations in terrain; surface or subsurface snow or ice conditions; bare spots, rocks, trees, other forms of forest growth or debris; collisions with pole lines, lift towers or any component thereof; or, collisions with snowmaking equipment which is marked by a visible sign or other warning implement in compliance with subdivision two of this section.

█ The duties of a skier are set forth in *Code* § 20–3A–5, which provides, in pertinent part, that skiers assume the risk of injury which results from variations in terrain, snow or ice conditions, and collisions with marked snow-making equipment. In addition, a skier is responsible for knowing the range of his own ability, skiing within the limits of his ability, maintaining reasonable control of speed, and heeding all posted warnings.

From the text of Rule 56(c) of the Federal Rules of Civil Procedure, it is clear that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the movant; for, it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.*, 906 F.2d 972, 974 (4th Cir.1990).

█ However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

█ Although the defendant vehemently argues that it complied with all duties imposed upon ski area operators under *Code* § 20–3A–3, this is subject to factual development. Likewise, a factual dispute exists concerning the "cause" of the accident. In his deposition, plaintiff's expert states that the accident was caused by excessively wet manufactured snow which allegedly obscured plaintiff's vision and that the defendant, thus, negligently operated its snow-making machinery.

█ The central question to this aspect of the motion for summary judgment is whether the Act's general maintenance clause, *Code* § 20–3A–3(8), is applicable to snow-making activity and, if so, whether the defendant maintained the ski area in a reasonably safe condition near the snow-making machine in

question. The defendant's primary argument is that, with regard to snowmaking, it has no statutory obligation to do anything more than mark the equipment and post a sign at the top of the hill that snowmaking is in progress. The defendant's theory, that the general duty clause of *Code* § 20–3A–3(8) cannot be used to expand specific duties set forth in *Code* §§ 20–3A–3(2) and (6), must be rejected at this juncture of the civil action for two reasons.

First, the West Virginia Supreme Court of Appeals has determined that the West Virginia Legislature did not intend to immunize ski area operators from liability for negligence where it involves a violation of an operator's duty to maintain the ski areas in a reasonably safe condition. *Lewis v. Canaan Valley*, 185 W.Va. at 693, 408 S.E.2d at 643.[2] The Court recognized that the Legislature intended to immunize ski area operators for inherent risks which are essentially impossible to eliminate. In the matter now under consideration, a factual dispute potentially exists whether the condition, urged unsafe by the plaintiff, could have been eliminated.

Secondly, the language in *Code* §§ 20–3A–3(2) and (6) does not expressly state that these are the sole duties of the operator regarding snow-making activities; whereas, in comparison, the language regarding ski retention devices in *Code* § 20–3A–3(7) specifically provides that it is the only obligation:

> Post notice at prominent locations of the requirements of this article concerning the use of ski retention devices. This obligation shall be the sole requirement imposed upon the ski area operator regarding the requirement for or use of ski retention devices.

It is clear that the Legislature limited the ski area operator's liability with regard to ski retention devices. However, this language does not appear in the two provisions which address snow-making activities. Accordingly, it is not immediately apparent that the Legislature excluded snow-making activity from the general maintenance clause, *Code* § 20–3A–3(8).

The defendant also urges that the plaintiff is barred from recovery because he failed to comply with his statutory duties and because he assumed the risk of his injuries. In *King v. Kayak Mfg. Corp.*, 182 W.Va. 276, 387 S.E.2d 511 (1989), the West Virginia Supreme Court of Appeals discussed the continuing vitality of the common law doctrine of assumption of risk in West Virginia and concluded that, under the West Virginia comparative contributory negligence doctrine,[3] the defense of assumption of risk, if established, does not operate as a complete bar to recovery unless the plaintiff's degree of fault equals or exceeds the combined fault or negligence of the other parties to the accident.

Although the Skiing Responsibility Act may modify the common law doctrine of assumption of risk by statutorily creating a complete bar to recovery under certain circumstances, those circumstances cannot be assumed in this case at this juncture as a matter of law. While plaintiff's injuries ultimately resulted from a collision with a tree, plaintiff alleges that the collision and resultant injuries were caused by negligent snowmaking operations. It must be determined whether the defendant reasonably maintained and located the snow-making machine and/or whether the plaintiff assumed an inherent risk of skiing and/or violated the duties imposed upon him by *Code* § 20–3A–5.

The Court recognizes that this is an innovative area of the law; there has been only one West Virginia case addressing the

---

**2.** The statutory construction theory advanced by the defendant was implicitly rejected in *Lewis v. Canaan Valley*. Although *Code* § 20–3A–3(8) expressly provides that a ski area operator shall not be responsible for injury caused by rocks, trees, and other forms of forest growth, the West Virginia Supreme Court of Appeals recognized in dicta that, under the Act's reasonable maintenance duty, a ski area operator could be liable for a skier's personal injuries where a boulder is intentionally placed on a slope and concealed, "as well as where the boulder was **negligently** placed there and negligently concealed during **mainte-**

nance." *Lewis v. Canaan Valley*, 185 W.Va. at 693, 408 S.E.2d at 643, n. 12.

**3.** In *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879, 885 (1979), the West Virginia Supreme Court of Appeals adopted the doctrine of comparative contributory negligence: "a party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident."

West Virginia Skiing Responsibility Act. None of the cases from other jurisdictions cited by the parties present the unique factual circumstances of the instant case. Most of the cited cases involve either collisions with lift towers, tree stumps, safety fences, and the like or collisions caused by icy or other treacherous surface conditions which could not reasonably be eliminated.[4]

Clearly, the West Virginia Act would ban recovery in instances in which risks are inherent in the sport of skiing and are essentially impossible to eliminate. In the present case, it is alleged that the defendant negligently engaged in snow-making activity and that the alleged dangerous condition could have been eliminated if the defendant had reasonably maintained the snow-making equipment. These allegations present questions of fact which compel further development. Accordingly, it is

ORDERED that the defendant's Motion for Summary Judgment be, and the same is hereby, DENIED without prejudice to reconsideration of the issues of law raised and suggested upon the presentation of testimony and further development of the evidence.

---

**4.** *Leopold v. Okemo Mountain, Inc.,* 420 F.Supp. 781 (D.Vt.1976) (collision with unpadded lift tower); *Berniger v. Meadow Green–Wildcat Corp.,* 945 F.2d 4 (1st Cir.1991) (collision with safety fence); *Smith v. Seven Springs Farm, Inc.,* 716 F.2d 1002 (3rd Cir.1983) (collision with snow-making apparatus); *Burke v. Ski America, Inc.,* 940 F.2d 95 (4th Cir.1991) (applying Pennsylvania law, collision with trees and rocks resulting from icy terrain).