# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephen W., individually and as next friend of J.W., an infant,
Plaintiff Below, Petitioner**

**vs) Nos. 14-1158 and 14-1217** (Tucker County 12-C-43)

**Timberline Four Seasons Resort Management Co.,
Defendant Below, Respondent**

**FILED**

August 31, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner, Stephen W., individually and as next friend of J.W.,[1] an infant, by counsel Kenneth P. Hicks and Debra A. Nelson, appeals the Circuit Court of Tucker County's September 30, 2014, order that granted respondent summary judgment. Respondent, Timberline Four Seasons Resort Management Co., Inc., by counsel John R. Merinar, Jr. and Kaitlin L. Hillenbrand, filed a response. On appeal, Stephen W. argues that the circuit court erred in granting summary judgment in Timberline's favor.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 22, 2014, J.W., age 12, was injured while skiing at Timberline. As she was going down Salamander trail, a "beginner" slope, she skied off the trail to avoid hitting another skier who cut in front of her. However, she collided with an electrical box used for snowmaking purposes ("the electrical box"), which was located six to eight feet off the trail. J.W. fractured her left tibia in the collision.

Stephen W. filed suit in the circuit court alleging that Timberline violated the West Virginia Skiing Responsibility Act ("WVSRA") by (1) failing to mark the electrical box with a "visible sign or other warning implement" and (2) by failing to maintain the ski slope in a "reasonably safe condition". He further asserted that J.W. did not assume the risk of skiing

---

[1] Because J.W. is a minor, we follow our traditional practice in cases involving sensitive facts and use only her initials. *See Shelby J.S. v. George L.H.*, 181 W.Va. 154, 155 n.1, 381, S.E.2d 269, 270 n.1 (1989). *See also* W.Va. R.App. P. 40(e)(1).

because our law presumes that children between the ages of seven and fourteen are incapable of negligence.[2] Timberline filed a motion for summary judgment on both issues.

Timberline supported its motion by providing deposition testimony from a Timberline ski patroller that a caution sign marked the electrical box at the time of J.W.'s accident. The patroller's testimony is accompanied by pictures he took of the accident scene, showing a caution sign marking the electrical box in the foreground, with J.W. being treated for her injuries in the background. Timberline also included the deposition testimony of J.W. and her father showing that they were not absolutely sure whether a caution sign marked the electrical box. Lastly, Timberline included deposition testimony from another ski patroller that the electrical box was not located on a ski trail. Timberline argues that all of the evidence of record established it complied with the WVSRA. Timberline further asserts it had kept its ski area in a reasonably safe condition by placing the electrical box off the trial, visibly marked with a caution sign.

Stephen W. argued that a reasonable jury could find that there was no caution sign marking the electrical box because his memory contradicts the picture provided by Timberline. According to him, he and J.W. skied down Salamander trail multiple times on the day of the accident. Neither one of them remember a caution sign marking the electrical box at the site of the collision. He also asserted that, even if the electrical box was marked by a caution sign, Timberline's failure to pad the electrical box violated its duty to keep Salamander trail in a reasonably safe condition.

The circuit court found that there was no genuine issue as to whether the electrical box was marked with a caution sign. Stephen W.'s self-serving testimony otherwise was merely "speculation and conjecture." Furthermore, the electrical box was located off the ski trail. Therefore, Timberline had no duty to pad the electrical box. Accordingly, Timberline breached no duty under the WVSRA. The mere fact that J.W. was twelve years old at the time of her accident makes no difference as to whether Timberline is liable under the WVSRA.

Stephen W. appeals the circuit court's motion granting summary judgment and requests that we reverse and remand for a jury trial. Our standard of review in regards to summary judgment is set forth in Syllabus Point 1 of *Painter v. Peavy*, 192 W. Va. 189, 451 S.E2d 755 (1994), which provides: "[a] circuit's count's entry of summary judgment is reviewed *de novo*."

On appeal, Stephen W. argues that Timberline breached its duties under West Virginia Code Sections 20-3A-3(2) and (8) [1984] and that it did not rebut the presumption that, as a child, J.W. is incapable of negligence.

West Virginia Code Sections 20-3A-3(2) and (8) require ski area operators to "mark with a visible sign or other warning implementation the location of any hydrant or similar equipment used in snowmaking operations and located on ski slopes or trails[;]" and to "maintain the ski

---

[2] The West Virginia Skiing Responsibility Act is codified in West Virginia Code Section 20-3A-1 *et seq.*, which defines areas of responsibility and affirmative acts for which ski area operators shall be liable for loss, damage, or injury.

areas in a reasonable safe condition, except that such operator shall not be responsible for any injury . . . with snowmaking equipment which is marked by a visible sign or other warning implement in compliance with subdivision two of this section."

Stephen W. contends that the circuit court should have considered that his memory contradicts Timberline's evidence regarding the electrical box. Prior to J.W.'s accident, she and her father had skied down Salamander trail multiple times, but neither recalled seeing a caution sign marking the electrical box. Stephen W. also argues that there is a genuine issue of material fact as to whether Timberline maintained Salamander trail and/or slope in a reasonably safe condition. Stephen W. claims West Virginia Code Section 20-3A-3(8) imposes an additional duty on a ski operator to go further than merely marking an electrical box with a caution sign when it is not in a reasonably safe condition and located on a ski slope or trail. He argues that while the electrical box may not have been located on the Salamander ski "trail," the WVSRA requires that it be kept in a reasonably safe condition because it was on a ski "slope" or "area." *W.VA. CODE* § 20-3A-3(8). Thus, Timberline was required by the WVSRA to maintain the electrical box in a reasonably safe condition by padding it. We disagree.

There is no genuine issue as to whether respondent marked the electrical box with a visible caution sign. The record contains positive evidence, in the form of deposition testimony and pictures, that a caution sign marked the electrical box. This evidence must prevail over petitioner's mere conjecture and speculation regarding the "Caution" sign's presence. Without factual support, Stephen W. and J.W.'s lack of memory as to the presence of the caution sign provides only a scintilla of conjectural evidence. *See W.VA. R. CIV. P.* 56(e) [1998] (Party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial.").

Furthermore, the WVSRA did not require Timberline to pad the electrical box. The WVSRA states that ski operators are *not* liable for "collisions with snowmaking equipment which is marked by a visible sign[.]" *W.VA. CODE* § 20-3A-3(8). (emphasis added). This provision does not contain an exception for when an electrical box is unpadded. Therefore, Timberline did not breach a duty by failing to pad the electrical box.

Stephen W. also cites *Pino v. Szuch*, which states: "there is a rebuttable presumption that a child between the ages of seven and fourteen is not guilty of contributory negligence." 185 W. Va. 476, 477, 408 S.E.2d 55, 56 (1991); Syl. Pt. 2, *Jordan v. Bero*, 158 W. Va. 28, 210 S.E.2d 618 (1974). According to Stephen W., the fact that J.W. was twelve years old at the time of her accident means that Timberline was required to rebut a presumption that she could not have assumed the risk of skiing.

However, Stephen W.'s argument ignores the WVSRA's clear provision that *all* skiers assume the inherent risks of skiing. *See W.VA. CODE* § 20-3A-5 ("Each skier expressly assumes the risk of and legal responsibility for any injury . . . which results from participation in the sport of skiing."). "Skier" is defined as "*any person* present at a skiing area under the control of a ski area operator for the purpose of engaging in the sport of skiing[.]" *W.VA. CODE* § 20-3A-2(h). The WVSRA makes no reference to a skier's age. "It is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial

interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." *Phillips v. Larry's Drive-In Pharmacy, Inc.*, 220 W.Va. 484, 491, 647 S.E.2d 920, 927 (2007). Therefore, we decline to read into the statute that which it does not expressly say, especially in this case where Timberline breached no duty under the WVSRA.

For the foregoing reasons, the September 30th, 2014, order by the Circuit Court of Tucker County, granting summary judgment in favor of respondent, is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**

Justice Robin Jean Davis, with Chief Justice Workman joining:


In this proceeding, Stephen W. asked this Court to reverse and remand the circuit court's order granting summary judgment in favor of Timberline. The majority opinion found that there was no genuine issue of material fact as to whether Timberline fulfilled its duties under West Virginia Code Sections 20-3A-3(2) and (8) and that J.W.'s age (twelve years old) had no bearing on the whether she assumed the risk of injury under the WVSRA. For the reasons set out below, I respectfully dissent.

### *There Is a Genuine Issue of Material Fact as to Whether Timberline Fulfilled its Duties Under the West Virginia Skiing Responsibility Act.*

By granting Timberline's motion for summary judgment, the circuit court ignored unresolved disputes of material fact. Rule 56(c) of the West Virginia Rules of Civil Procedure allows courts to grant summary judgment only when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the moving party, as it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir.1990).[3]

---

[3] "Because the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we often refer to interpretations of the Federal Rules when discussing

Likewise, for the non-moving party to withstand such a motion, it is not required for him/her to prove that he/she will ultimately prevail at trial. Rather, the nonmoving party must only offer evidence from which "a fair-minded jury *could* return a verdict for the [party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) (emphasis added). Accordingly, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Industrial Co. v. Zenith Radio,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

A court should not take its duty to draw all permissible inferences in the non-moving party's favor lightly. By failing to do so, it is possible for the circuit court to infringe on the parties' constitutional right to a jury trial.[4] *See Robertson v. White*, 635 F. Supp 851, 870 (W.D. Ark. 1986) ("Summary judgment should be 'cautiously invoked' so that no person will be improperly deprived of his Seventh Amendment right to a jury trial where there is no genuine issue as to any material fact."). *Accord Baughman v. Cooper-Jarrett, Inc.*, 530 F.2d 529, 532 (3d Cir. 1976) ("[T]he seventh amendment might impose an obstacle [to summary judgment] where, as here, there is sufficient evidence in the record for the case to have gone to the jury.") *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981). Accordingly, "summary judgment is an extreme remedy which may not be granted unless the movant has established his right to the judgment beyond controversy and . . . is not appropriate where material facts remain in dispute." *Inland Oil & Transp. Co. v. U.S.*, 600 F.2d 725, 727 (8th Cir. 1979). *See also* FRANKLIN D. CLECKLEY, ROBIN JEAN DAVIS & LOUIS J. PALMER, JR., LITIGATION HANDBOOK ON WEST VIRGINIA RULES OF CIVIL PROCEDURE § 56, at 1112 (3d ed. 2008) ("Summary judgment is not a substitute for a trial either by a jury, or by the court of an issue of fact.").

Although Timberline contends that it complied with all its duties under West Virginia Code Section 20-3A-3, this contention is subject to factual development. Likewise, a factual dispute exists concerning whether Timberline maintained the ski area in a reasonably safe condition. The majority ignores the deposition testimony of a winter sports safety expert that he believed to a reasonable degree of probability that Timberline failed to "meet the WVSRA's minimal requirements" on the day of J.W.'s accident. Further, a Timberline ski patroller stated in his deposition that some dangerous obstacles to skiers are padded, which indicates that Timberline viewed such obstacles as objects they needed to maintain in a reasonably safe condition, rather than an inherent risk of skiing. Thus, the circuit court's grant of summary judgment in Timberline's favor was premature, as there were factual disputes that should have been presented to the jury.

our own rules." *See Hardwood Group v. Larocco*, 219 W.Va. 56, 61 n.6, 631 S.E.2d 614, 619 n.6 (2006).

[4] Article 3, Section 13 of the West Virginia Constitution provides: "In suits at common law . . . the right of trial by jury, if required by either party, shall be preserved." W.VA. CONST. ART III, § 13. The Seventh Amendment to the United States Constitution contains almost identical language. U.S. CONST. AMEND VII.

This court has determined that the West Virginia Legislature did not intend to immunize ski area operators from liability for negligence where it involves a violation of an operator's duty to maintain the ski areas in a reasonably safe condition. *Lewis v. Canaan Valley Resorts, Inc.,* 185 W.Va. 684, 693, 408 S.E.2d 634, 643 (1991). Rather, the Legislature intended to immunize ski area operators for inherent risks that are essentially impossible to eliminate. In this matter, a factual dispute potentially exists whether the condition, urged unsafe by Stephen W., could have been eliminated.

### *There Is a Rebuttable Presumption That a Minor Is Incapable of Negligence Under West Virginia Law.*

The majority finds that J.W., who was twelve years old when she was injured, assumed the risk of skiing as a matter of law. However, "assumption of risk . . . does not operate as a complete bar to recovery *unless the plaintiff's degree of fault equals or exceeds* the combined fault or negligence of the other parties to the accident." *Hardin v. Ski Venture, Inc.* 848 F. Supp. 58, 61 (N.D. W.Va. 1994) (emphasis added) (interpreting the WVSRA). According to *Pino v. Szuch*, "there is a rebuttable presumption that a child between the ages of seven and fourteen is not guilty of contributory negligence. To overcome this presumption, the burden is upon a defendant to prove by a preponderance of the evidence that a child of such age has the capacity to be guilty of contributory negligence." 185 W. Va. 476, 479, 408 S.E.2d 55, 58 (1991) (*quoting* Syl. Pt. 2, *Jordan v. Bero*, 158 W. Va. 28, 210 S.E.2d 618 (1974)). "The rationale for the rebuttable presumption for children between the ages of seven and fourteen is that these children usually lack the intelligence, maturity, and judgmental capacity to be held accountable for their actions." *Pino*, 185 W. Va. at 479, 408 S.E.2d at 58. Timberline did not show that J.W.'s maturity, intelligence, experience, and judgmental capacity are significantly beyond that of an average twelve-year-old to overcome the presumption.

Several courts use similar age groupings when assessing a child's capacity to be negligent. *See, e.g., Fletcher v. Hale,* 548 So.2d 135 (Ala.1989); *Friedman v. Park Dist. of Highland Park,* 151 Ill.App.3d 374, 104 Ill.Dec. 329, 502 N.E.2d 826 (1986); *Hoots v. Beeson,* 272 N.C. 644, 159 S.E.2d 16 (1968); *Hunter v. City of Cleveland,* 46 Ohio St.2d 91, 75 O.O.2d 160, 346 N.E.2d 303 (1976); *Berman v. Philadelphia Bd. of Educ.,* 310 Pa.Super. 153, 456 A.2d 545 (1983); *Prater v. Burns,* 525 S.W.2d 846 (Tenn.App.1975); *Grant v. Mays,* 204 Va. 41, 129 S.E.2d 10 (1963).

Therefore, there is a rebuttable presumption that J.W. was incapable of negligence because she was twelve years old at the time of her accident, and Timberline did not rebut this presumption. Without some showing that J.W. was at fault in causing her injuries, she is not barred from recovering under the WVSRA. *See Hardin*, 848 F. Supp. at 861. Thus, the circuit court erred by granting Timberline's motion for summary judgment.

For the foregoing reasons, I dissent. I am authorized to say that Chief Justice Workman joins me in this dissent
.