# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wendi Whitmore, an individual; and**
**Wendi Whitmore, as next friend for**
**J.V., a minor, Plaintiff Below,**
**Petitioner**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-1082** (Cabell County 12-C-71)

**Dorothy Brown**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wendi Whitmore, who appears on her own behalf and as the next friend of her minor son J.V.,[1] by counsel Mark F. Underwood and Patricia A. Jennings, appeals the order of the Circuit Court of Cabell County, entered August 26, 2013, that granted summary judgment in favor of Respondent Dorothy Brown. This action arose following a collision between J.V.'s bicycle and respondent's car. Respondent, by counsel Charles K. Garnes, Jr., filed a response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On the afternoon of May 22, 2011, eleven-year-old J.V. was riding his bicycle without supervision and without his mother's permission northbound on Nineteenth Street in Huntington when he collided with a car driven by respondent. At the time, respondent was driving eastbound on Charleston Avenue. There was no traffic light at the intersection; however, there was a stop sign on Nineteenth Street that J.V. would have passed as he entered the intersection. Following the collision, J.V. was transported to a hospital by ambulance.

A City of Huntington police officer investigated the accident. On the last page of the resulting "Uniform Traffic Crash Report" ("crash report"), respondent wrote the following statement: "I . . . was hit by a boy on a bike [as I was] getting ready to pass 19th Street." In regard to respondent, the crash report provides that her actions did not contribute to the accident, she was not distracted, and she did not violate the law. In regard to J.V., the crash report provides

---

[1]Consistent with our practice in cases involving sensitive matters, we use the initials of the child's name. *See State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990); *see also* Rule 40(e)(1) of the West Virginia Rules of Appellate Procedure.

1

that he had a non-incapacitating injury, he was suspected of failing to obey a stop sign, and he was inattentive.

On January 31, 2012, petitioner filed the instant action. In her complaint, petitioner claimed that respondent struck J.V. with her car. Petitioner sought damages for loss of consortium and negligence. Discovery ensued and petitioner took the deposition of the investigating officer.

On April 17, 2013, respondent filed a motion for summary judgment on the ground that petitioner had failed to produce any evidence showing that respondent had been negligent in regard to the accident. Petitioner filed a response opposing respondent's motion and also disclosed the affidavit of Nancy Flanagan, an alleged witness to the accident. Ms. Flanagan's affidavit stated as follows:

> I witnessed a lady driving a red car eastbound in the 1900 block of Charleston Avenue hit a boy riding a bicycle as he was attempting to ride across the street. After hitting the boy on the bicycle, the lady driving the red car did not stop, but continued driving eastbound on Charleston Avenue.

At a July 18, 2013, hearing, the circuit court denied respondent's motion for summary judgment on the ground that Ms. Flanagan's affidavit created a genuine issue of material fact regarding the proximate cause of J.V.'s injuries. On July 19, 2013, the circuit court ordered petitioner to produce Ms. Flanagan for deposition. The circuit court also ruled that, as a matter of law, J.V. "may" be found capable of contributory or comparative negligence.

At Ms. Flanagan's July 24, 2013, deposition, she testified that, in fact, she had not seen the accident occur. Instead, she said that she was walking nearby at the time of the accident, heard a crash, looked up, and saw a boy lying on the roadway. Upon hearing sirens and seeing other persons tending to the boy, she left the scene without speaking to anyone present.

Following Ms. Flanagan's deposition, respondent renewed her motion for summary judgment. Respondent claimed that petitioner had failed to produce any evidence showing that respondent was negligent in regard to the accident. In response, petitioner filed J.V.'s sworn affidavit, which stated as follows:

> . . . I was riding my bike on Nineteenth Street. . . . As I started to cross Charleston Avenue, a car [not respondent's] turned onto Charleston Avenue and did not slow down, so I had to stop on the yellow line on Charleston Avenue to let the car pass. Before I could get started to finish crossing Charleston Avenue[,] a red car [respondent's] coming the other way on Charleston Avenue hit me.

On August 15, 2013, the circuit court heard arguments regarding respondent's renewed motion for summary judgment. At the conclusion of the hearing, the circuit court stated that "even in viewing the record in the light most favorable to [petitioner], the [c]ourt finds that [petitioner] has failed to offer 'any concrete evidence' or 'other significant probative evidence' from which a reasonable trier of fact could return a verdict in favor of [petitioner]."

2

By order entered August 26, 2013, the circuit court granted summary judgment in favor of respondent. In the order, the circuit court found that Ms. Flanagan's affidavit did not create a genuine issue of material fact sufficient to defeat respondent's renewed motion for summary judgment because Ms. Flanagan did not witness the accident. The circuit court also found that J.V.'s affidavit failed to create a genuine issue of material fact because it was inconsistent with all of the evidence in the record, including petitioner's own pleadings and briefs. In particular, the court highlighted that, prior to filing J.V.'s affidavit, petitioner consistently claimed that J.V. had been "riding across Charleston Avenue" at the time of the collision and was not, as he claimed in his affidavit, "stopped on the yellow line." Lastly, the circuit court found that petitioner failed to produce any evidence that J.V.'s injuries were consistent with being struck by respondent's car.

Petitioner now appeals the circuit court's order.

Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment should be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). We accord a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Finally, "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence,' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 192-93, 451 S.E.2d 758-59.

Petitioner raises three assignments of error on appeal. Petitioner first argues that the circuit court erred in relying on the crash report, the investigating officer's deposition testimony, the photographs of respondent's car which showed a dent in the car's passenger side door, and car repair estimates obtained by respondent, in finding that no genuine issue of material fact existed regarding the cause of the accident. Specifically, petitioner claims that the crash report was based almost solely on respondent's hearsay statements. Petitioner also contends that the investigating officer's investigation was inadequate because the officer failed to interview J.V. or persons gathered at the crash site such as Ms. Flanagan. Regarding the photographs of respondent's car and the repair estimates, petitioner claims that respondent failed to prove that they were based on the condition of respondent's car immediately following the accident. In addition to these arguments, petitioner avers that the circuit court erred by finding that J.V.'s negligence was the proximate cause of the accident, and by acting as a finder of fact when it dismissed J.V.'s affidavit as contrary to the evidence.

We note at the outset that petitioner's counsel never objected to the crash report, the investigating officer's deposition testimony, the photographs of respondent's car, or the car repair estimates obtained by respondent at any of the hearings in this matter. Such an objection is required by Rule of Evidence 103(a)(1) and Rule of Civil Procedure 46. We have said, "[a]

3

litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. West Virginia Dept. of Commerce, Div. of Parks and Recreation*, 197 W.Va. 318, 319, 475 S.E.2d 410, 411 (1996). Therefore, "'[w]here objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal.' Syl. pt. 1, *State Road Commission v. Ferguson*, 148 W.Va. 742, 137 S.E.2d 206 (1964)." Syllabus point 1, *Estep v. Brewer*, 192 W.Va. 511, 453 S.E.2d 345 (1994)."

As for petitioner's claim of plain error, we have said, "'To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.' Syllabus point 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995)." Syl. Pt. 7, *Page v. Columbia Natural Res., Inc.*, 198 W.Va. 378, 480 S.E.2d 817 (1996). In the instant case, we do not find that the circuit court's review of the record in its entirety, including its review of the crash report, the investigating officer's deposition testimony, the photographs, and the car repair estimates, seriously affected the fairness, integrity, or public reputation of this proceeding. Therefore, we will not invoke the plain error doctrine in this case.

We also disagree with petitioner's claim that the circuit court rendered an opinion regarding the proximate cause of the accident and wrongfully engaged in fact finding. Nowhere in the order on appeal does the circuit court render a finding regarding the proximate cause of the accident. Moreover, the circuit court's determination that petitioner failed to offer any probative evidence from which a reasonable trier of fact could find in petitioner's favor is not a finding of fact, but a conclusion of law. Hence, we find that the circuit court did not err.

Petitioner's second assignment of error is that the circuit court erred in finding that J.V. was capable of negligence. Petitioner claims that because J.V. was eleven-years-old at the time of the accident, he was presumed to be incapable of negligence as are all children between the ages of seven and fourteen. *See* Syl. Pt. 4, *Pino v. Szuch*, 185 W.Va. 476, 408 S.E.2d 55 (1991) (An opposing party may rebut the presumption that a child between the ages of seven and fourteen lacks the capacity to be negligent with evidence of the child's intelligence, maturity, experience, and judgmental capacity.). Petitioner admits this incapacity for negligence may be rebutted, but argues that the circuit court had no evidence before it regarding J.V.'s capacity for negligence. Further, petitioner claims that the circuit court usurped the role of a jury in finding that J.V. was, in fact, negligent. Petitioner admits that his counsel lodged no objections regarding these issues. Therefore, petitioner claims that the circuit court plainly erred in finding that J.V. was negligent.

Petitioner misrepresents the circuit court's findings. The circuit court did not find that J.V. was negligent. Instead, at the hearing on respondent's renewed motion for summary judgment, the circuit court said, "I do believe an eleven-year-old minor may be found to [be] . . . negligent." This is a correct statement of the law pursuant to Syllabus Point 4 of *Pino v. Szuch*. However, there was no need for the circuit court to conduct an analysis of J.V.'s capacity for negligence, because the circuit court correctly found that due to petitioner's failure to make any showing that respondent had been negligent, no reasonable trier of fact could have returned a

4

verdict in petitioner's favor. Finally, because the circuit court did not find that J.V. was negligent, petitioner's plain error argument need not be addressed.

Petitioner's third and final assignment of error is that the circuit court erred in finding that respondent did not breach the duty of due care she owed to J.V. without first referencing the higher duty of care respondent owed J.V. under *Deputy v. Kimmell*, 73 W.Va. 595, 80 S.E. 919 (1914). In *Kimmell,* this Court stated that

> [t]he vigilance and care required of the operators of an automobile vary in respect of persons of different ages or physical conditions. He must increase his exertions in order to avoid danger to children, whom he may see, or, by the exercise of reasonable care should see, on or near the highway. More than ordinary care is required in such cases.

*Id.* at 59.56, 80 S.E. 920. *See also Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974).

Assuming arguendo that the circuit court did err in failing to make findings regarding respondent's duty of care, the error was harmless because there was no evidence in the record showing that respondent failed to use such a higher standard. Moreover, during the investigating officer's deposition, he stated that he knew of no evidence showing that respondent did not exercise a duty of higher care at the time of the accident. Therefore, we find the circuit court did not err in failing to make such a finding.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis
Justice Margaret L. Workman